FRANK B. OWENS ET AL. v. AMERICAN NATIONAL BANK OF AUSTIN.

Decided June 29, 1904.

**1.—Charge—Proof of Damages.**

A charge which merely requires plaintiff to prove the facts alleged as a ground for recovering damages, is not on the weight of evidence nor to be understood as requiring proof of damages also.

**2.—Insolvency—Ability to Continue Business.**

Insolvency may exist though the debtor is still continuing business and able to meet demands as they mature.

**3.—Bank—Deposit—Insolvency.**

A bank has the right to apply to the payment of a note owing to it by an insolvent the deposit of such debtor, and this though the note is not yet due.

**4.—Insolvency—Property Fraudulently Conveyed.**

A debtor is insolvent within the terms of the bankrupt law, when his property. exclusive of such as he may have fraudulently conveyed, is insufficient, at a fair valuation, to pay his debts; and the authority of Congress over the subject is such that State courts should follow its definition.

**5.—Insolvency—Maturity of Debts.**

If a party has not property sufficient to pay his debts, he is insolvent though the debts have not matured.

**6.—Charge—Elements of Right to Recover.**

Charges in action to recover damages against a bank for causing loss of credit and failure in business by a depositor by refusing to honor drafts on his deposit held not to require proof of unnecessary elements of plaintiff's case in order to entitle him to recover.

**7.—Harmless Error.**

Overruling exceptions to defendant's counterclaim becomes immaterial where there was no recovery on it at the trial.

Error from the District Court of Travis. Tried below before Hon. George Calhoun.

*Fiset, Miller & McClendon,* for plaintiffs in error.

*Hogg, Robertson & Hogg,* for defendant in error.

EIDSON, ASSOCIATE JUSTICE.—Plaintiff in error Owen instituted this suit in the court below against the defendant in error for damages on account of refusing payment of and protesting certain drafts drawn by him on defendant in error. He alleges that he was a merchant and banker in 'good financial standing and credit, and had on deposit with defendant in error, subject to his check, more than sufficient money to pay the drafts which he drew and delivered to certain customers; and that defendant in error refused to pay such drafts when properly indorsed and presented, and had some of them protested and notice of protest sent to the payees and indorsers; and that in consequence his credit was ruined, and he was forced to go into bankruptcy.

Plaintiff in error Owen claimed actual damages in the sum of $30,000 and punitive or exemplary damages in the sum of $10,000.

Plaintiff in error A. Robinson, trustee, intervened, and alleged that

he was appointed by the bankruptcy court trustee of the bankrupt estate of plaintiff in error Owen, and that said court authorized him, as trustee, to intervene in said suit.

The defendant in error answered in the court below by demurrers, which were overruled, and a general denial, and a special answer, setting up in substance that plaintiff in error Owen was, on May 3, 1902, insolvent, and that at that time he was indebted to the defendant in error in the sum of $3655.92, balance on his three promissory notes, executed by him to defendant in error; and that at that date said plaintiff in error had on deposit with defendant in error the sum of $275.66, and that said plaintiff in error being insolvent, defendant in error had the right to apply the amount of said deposit to said indebtedness of said plaintiff in error; and that the defendant in error on the said date, May 3, 1902, exercised said right, and that therefore said plaintiff in error had no money to his credit with defendant in error when his check were presented, which occurred after defendant in error had applied his, plaintiff in error's, deposit as above stated, and that therefore defendant in error was not liable in damages for refusing payment of and permitting said checks to be protected.

Upon a trial before a jury verdict was rendered in favor of the defendant in error, and judgment entered accordingly.

In their first assignment of error plaintiffs in error complain of the general charge of the court upon the ground that it required the plaintiff, before he could recover, to prove by a preponderance of the evidence his damages, their contention being that this was a charge upon the weight of the testimony; because, as they claim, the plaintiff was entitled to a verdict by proving nonpayment and protest of his checks, while he had money on deposit with the defendant with which to pay said checks; and further proving that he was at that time engaged in the banking or mercantile business.

We are of the opinion that the charge of the court is not subject to the criticism that it is upon the weight of the testimony. When construed as an entirety, we think it only requires the plaintiff to prove the facts alleged in his petition, upon which he therein claims a right to recover, in order to entitle him to recover.

In their second assignment of error plaintiffs in error contend that the court erred in instructing the jury to find for the defendant, if they believed that when the plaintiff's checks were not paid and protested he was not in good financial standing and was insolvent, because if he was in business and able to meet his debts as they matured, for an indefinite length of time, the defendant had no right to refuse the payment of and protest his checks.

We are of opinion that there is no error in the charge in the respect complained of, as the court gave an instruction to the jury upon the question of insolvency which was favorable to the plaintiff, and if the plaintiff, at the time the defendant in error applied the amount of his

deposit to his indebtedness, was insolvent, the defendant in error had the right so to do. Neely v. Grayson County Nat. Bank, 61 S. W. Rep., 559; Templeman v. Hutchins, 24 Texas Civ. App., 3, 57 S. W. Rep., 668; Van Winkle Gin and Machinery Co. v. Citizens Bank of Buffalo, 89 Texas, 152; First Nat. Bank of Corsicana v. De Morse, 26 S. W. Rep., 417; Traders' Nat. Bank v. Cresson, 75 Texas, 299.

The third assignment of plaintiffs in error complains of the refusal of the court to give to the jury plaintiff's second special charge, to the effect that the insolvency alone of the plaintiff did not give to the defendant the right to apply the deposit of plaintiff to the payment of any indebtedness due by him to the defendant. This question has been decided against the contention of plaintiffs in error. Neely v. Grayson County Nat. Bank, supra.

Plaintiffs in error contend in their fourth assignment of error that the court erred in its charge to the jury in instructing them that a person was insolvent when the aggregate of his property shall not be sufficient in amount, at a fair valuation, to pay his debts, because said definition of insolvency was inapplicable to this case. Upon the question of insolvency, the court below charged the jury as follows: "By the provisions of the bankrupt act, a person is declared to be insolvent when the aggregate of his property, including such as he may have fraudulently conveyed or transferred or concealed or removed, shall not be sufficient in amount, at a fair valuation, to pay his debts."

This instruction does not accurately conform to the definition of insolvency given in the bankrupt law. The definition given in that law of insolvency is as follows: "A person shall be deemed insolvent within the provisions of this act, whenever the aggregate of his property *exclusive* of any property which he may have conveyed, transferred, concealed, or removed or permitted to be sold or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

However, the difference in the definition of insolvency as given by the court from that contained in the bankrupt act is favorable to the plaintiff, and he would therefore have no right to complain on account of such difference. In view of the authority of the Congress of the United States to enact bankruptcy laws, and such laws having been enacted and being in operation, we are of opinion that when the question of insolvency is in issue in a State court, that it would be proper for such court to follow the definition of insolvency as embraced in the bankrupt law as enacted by Congress. We therefore overrule said assignment of error.

The fifth assignment of error complains of the fourth paragraph of the court's charge to the jury, because it instructs the jury that the defendant was not liable for any damages that the plaintiff may have suffered for the nonpayment and protest of his drafts, if the plaintiff was indebted to the defendant in a greater amount than the deposits of the

plaintiff amounted to and was also insolvent, within the definition in the charge, when the drafts and checks were not paid and were protested.

In the sixth assignment of error plaintiffs in error contend that the court erred in said fourth paragraph of its charge, because it made the defendant's liability depend upon the question of the plaintiff's indebtedness to the bank and his insolvency; whereas, the defendant was liable to the plaintiff, even though plaintiff was insolvent and indebted to the bank when the drafts were thrown out and protested, if the plaintiff's debts were not due and he was able to meet his indebtedness to the bank as they mature.

In their seventh assignment of error, plaintiffs in error complain of the refusal of the court below to give the following special instruction to the jury: "The jury are instructed that a debtor is solvent when he is able to pay his debts as they become due in the ordinary course of business. If, therefore, you believe from the evidence that the plaintiff was on May 3, 1902, able to pay his debts as they became due in the ordinary course of business, then you will find that plaintiff was solvent on said date."

And in their eighth assignment of error plaintiffs in error contend that the court erred in its charge to the jury in defining insolvency.

For the reasons stated in disposing of the third and fourth assignments of error, we overrule the fifth, sixth, seventh and eighth assignments, with the further statement that if a party is insolvent it is unimportant that his indebtedness has not matured at the time the deposit is applied to the payment thereof. Neely v. Grayson County Nat. Bank, supra.

Plaintiffs in error in their ninth assignment of error contend that the court erred in that part of its charge to the jury wherein it stated the conditions under which the plaintiff was entitled to recover, because the court included as necessary elements of recovery (a) that plaintiff should prove to the jury that on and before May 6th he was a banker and merchant; (b) that he should further prove that he was entitled to credit; (c) that he should further prove that he was solvent within the definition in the charge; whereas it was not necessary in order for the plaintiff to recover to prove all these facts, but merely that the plaintiff was, on that date, a banker or merchant in business, and was able to meet his debts as they matured.

In their tenth assignment of error plaintiffs in error complain of that part of the court's charge to the jury wherein it states the necessary elements for plaintiff to prove in order to recover, because it included as such necessary elements that he should prove by a preponderance of the evidence, and that the burden was on him to prove that the defendant's acts in refusing the payment of his checks and in having same protested injured the plaintiff (a) in his financial standing; (b) in his credit; (c) and further and additionally, forced him into bankruptcy; whereas, it was only necessary to prove that the plaintiff was a banker

or merchant, and that the defendant refused payment of his checks, while he had the money to meet same on deposit with it, in order for the plaintiff to be entitled to a verdict for general damages; and, further, such proof made a case for nominal damages.

We are of opinion that there was no error in the instruction of the court complained of in these two assignments of error. As before stated, the charge of the court followed the pleadings of the plaintiff, and only required the plaintiff to prove the facts upon which he relied in his pleadings for a recovery.

The eleventh assignment of error complains of the charge of the court in defining insolvency, upon the ground that it submits to the jury as an element of insolvency whether the plaintiff in this cause may have fraudulently conveyed his property, or transferred or sold or removed it, when there was no evidence introduced that he did any of these acts.

In our opinion this assignment is not well taken. As before stated, we think it was proper for the court to follow the definition of insolvency as contained in the bankrupt act; and, further, the definition given by the court in stating the property, the value of which should be estimated in arriving at the solvency or insolvency of the plaintiff, included that which may have been fraudulently conveyed, transferred, concealed or removed, and for that reason is not subject to the criticism of plaintiffs in error.

In their twelfth assignment of error plaintiffs in error contend that the court below erred in overruling plaintiff's fourth special exception in his first supplemental petition, upon the ground that the defendant's plea of set-off and counterclaim was not admissible as a defense to the plaintiff's cause of action, and the same should have been stricken out. In view of the verdict of the jury, which did not find anything in favor of defendant upon its plea of set-off and counterclaim, the action of the court complained of, if error, becomes harmless.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused November 28, 1904.