### UNION NATIONAL BANK V. O. R. MENEFEE.

Decided January 16, 1911.

**Bills and Notes—Endorser and Endorsee—Failure of Consideration—Application of Funds.**

When the endorsee of a promissory note has in his hands funds belonging to the endorser at the time the endorsee learns of a valid defense to the note by the maker, it is the duty of the endorsee to apply said funds so far as necessary to the payment of the note, and to leave the endorser and the maker to adjust their rights and equities between themselves. The endorsee should not allow the defense of innocent purchaser, available to him, to be used by the endorser to defeat a just defense by the maker. The fact that the endorsee had in his hands funds belonging to the endorser at the time the note was dishonored and its invalidity ascertained, and that he failed to apply them to the payment of the note, is a good defense by the maker in a suit against him by such endorsee.

Appeal from the District Court of Tarrant County. Tried below before Hon. R. H. Buck.

*Flournoy, Smith & Storer,* for appellant.—On rights of bona fide holder to enforce payment where fraud exists in the transaction out of which the note arose, see: Prouty v. Musquiz, 94 Texas, 87; Rische & Sons v. Planters National Bank, 84 Texas, 413; note to Green v. Wilkie, 36 L. R. A., 434.

The bona fide purchaser for a valuable consideration of a negotiable instrument before maturity is not affected by defenses existing in favor of the maker against the payee. Hardie & Co. v. Wright, 83 Texas, 345; Rische v. Planters National Bank, 84 Texas, 413.

The doctrine, if it be the law, that a bank, the owner of a negotiable note against which the maker in Texas has defenses good as between the maker and the payee in another State, who has endorsed the note to the holding bank, can not recover on same as a bona fide purchaser for value before maturity, when it has on deposit from the endorser of the note, after maturity of same and notice of said defenses, funds sufficient to pay the note, is an equitable doctrine and can not be invoked in a case where the equitable grounds for same are wanting. Van Winkle Gin Co. v. Citizens Bank, 89 Texas, 147; *contra,* First

Natl. Bank v. Peltz (Pa.), 36 L. R. A., 832; Davenport v. State Bank (Ga.), 8 L. R. A. (N. S.), 944, and note; Houston v. Braden, 37 S. W., 467; State Bank v. Blakey, 79 S. W., 331.

*Bryan & Spoonts* and *Capps, Cantey, Hanger & Short,* for appellee.— By the endorsement of the Peabody Buggy Company of the note sued on, the buggy company contracted that if when duly presented the said note was not paid by the maker, the endorser would, upon due notice being given of the dishonor of the note, pay the same to the endorsee bank, and the subsequent presentment and refusal on the part of the maker, fixed the liability of the buggy company upon said contract of endorsement to pay to the bank immediately the amount of said note and all interest, and it was the duty of the bank at any time after learning of the dishonor of the note by the maker, if the buggy company had sufficient funds in the hands of the bank, to apply the same to the payment of the note and the satisfaction of the contract of endorsement by the buggy company, and leave the question of dishonor or failure of consideration to be litigated between the endorser and the maker of the note. Van Winkle Gin Co. v. Citizens Bank, 89 Texas, 147; State Bank v. J. Blakey & Co., 79 S. W., 331; Johnson Co. Savings Bank v. Renfro, 122 S. W., 37.

SPEER, ASSOCIATE JUSTICE.—This suit was originally instituted by the Mechanics' Banking Company, and the Union National Bank was afterwards substituted as plaintiff by agreement of the parties, that bank having become the owner of the note sued on since the bringing of the suit. The action was based upon a promissory note for two thousand five hundred dollars, executed by O. R. Menefee, payable to the order of the Peabody Buggy Company. The Peabody Buggy Company, the Mechanics' Banking Company, and the Union National Bank are corporations domiciled at Fostoria, Ohio. The note was endorsed by the Peabody Buggy Company to the Mechanics' Banking Company. The defense, in substance, was want of consideration and fraud in the inception and negotiation of the instrument; and, further, that after the plaintiff, Union National Bank, learned of the facts constituting this defense it had on deposit with it funds belonging to the payee endorser, Peabody Buggy Company, in excess of the amount due on said note, which it ought in law to have applied to the satisfaction of that company's obligation to it. A trial before a jury resulted in a verdict for the defendant and from a judgment based thereon the plaintiff has appealed.

The issue of W. O. Allen's representing the Peabody Buggy Company in the transaction leading to the execution of the note by Menefee and the consequent notice to that company of the defense pleaded, was clearly raised by the evidence, and the assignments contending to the contrary are therefore overruled.

The remaining assignments are either to the effect that the court should have instructed summarily for the plaintiff, or that he erred in submitting to the jury to find whether or not the plaintiff bank had

on deposit funds belonging to the Peabody Buggy Company sufficient to pay the indebtedness, instructing, if it did, that such fact would constitute a defense. It is, of course, apparent that if this latter instruction is the law, the other assignments must of necessity fail. That it is the law we think is abundantly determined by the line of cases in this State, headed by Van Winkle Gin & Machinery Co. v. Citizens Bank of Buffalo, 89 Texas, 147. In that case, which is in no important respect unlike the one before us, the Supreme Court says: "The case then comes to this: the endorser in good conscience should pay. The bank has its funds in its hands sufficient to satisfy the demand, with a perfect right in equity to offset same in satisfaction of the bill; the pursuit of the acceptor in a foreign jurisdiction is clearly not necessary to the bank's protection, but can only serve to allow the endorser (endorsee) to avail himself of the protection given by law to an innocent purchaser in order to cut the acceptor off from a just defense and compel it to pay a sum of money which in equity it should not pay. Under these circumstances, with knowledge of the failure of consideration, probably at the time of the filing of the original answer, but certainly when the depositions of its officers were taken as above stated, it presses the claim to judgment upon its plea of innocent purchaser in a suit instituted at the instance and expense of the endorser. While expressly waiving its equitable right to offset the deposit conferred upon it by law for its protection and which appears in this case to have been adequate to its complete protection, it invokes the application by the court of another equitable principle, not for its protection, but for the sole and evident purpose of aiding the endorser to obtain an undue advantage over the acceptor. We are of opinion that under these circumstances and for such a purpose the bank was not entitled to the protection afforded by law to an innocent holder, and that as between it and the acceptor the deposit should be offset against the bill." See also State Bank v. J. Blakey & Co., 35 Texas Civ. App., 87 (79 S. W., 331); Johnson Co. Savings Bank v. Renfro, 57 Texas Civ. App., 160 (122 S. W., 37); Spurlin v. Peninsula Loan & Discount Co., 103 S. W., 232.

The charge correctly presented the law applicable to a state of facts which the evidence raised, if it did not indisputably establish.

All assignments are overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.