## CHRISMAN v. LUMBERMAN'S NAT. BANK et al.

(Court of Civil Appeals of Texas. El Paso. Feb. 5, 1914.)

1. BANKS AND BANKING (§ 127*)—DEPOSITS—PROTESTED CHECK—ACTIONS—RIGHT TO SUE.

Where a check is deposited in a bank to the credit of the depositor's general account, the bank becomes the owner of the check, and on the maker's refusal to pay, on a mere claim of fraud, the bank may sue thereon, treating the payee as an indorser only, though the depositor's account exceeded the amount of the check; the bank not being required to charge the check back to the depositor and return the same to him.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 304, 310; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—PROPOSITION.

Propositions as to alleged error of the court in overruling a plea of privilege to be sued in another county were not germane and could not be considered under an assignment of error to the court's action in rendering judgment on the merits on the ground that the verdict and judgment were contrary to the law under the facts proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

3. APPEAL AND ERROR (§ 743*)—REVIEW—EXCLUSION OF EVIDENCE—BILL OF EXCEPTIONS.

Alleged error in the exclusion of evidence will not be reviewed, where the Court of Appeals is not referred to any bill of exceptions covering the matter; the court not being required to search the record to ascertain if proper bills were taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by the Lumberman's National Bank and others against J. J. Chrisman. Judgment for plaintiffs, and defendant appeals. Affirmed.

C. W. Nugent, of Conroe, for appellant. W. H. Ward and J. V. Meek, both of Houston, for appellees.

HIGGINS, J. This is a suit by the Lumberman's National Bank against J. J. Chrisman, of Montgomery county, and Walter R. Jones, of Harris county, brought in the county court at law of the last-mentioned county upon a draft in the sum of $600 drawn by Chrisman in favor of Jones upon Banks, Griffith & Sons, of Conroe, Montgomery county, given by Chrisman in part payment for an automobile sold to him by Jones. The draft is dated on Saturday, August 5, 1911, and some time after banking hours upon that date same was transferred and delivered by Jones to appellee, and on the following Monday morning the amount thereof was passed to the credit of Jones, who was a regular customer of appellee and carried an account with it. On Monday morning Chrisman stopped payment of the draft, and notice of this fact was communicated on Monday morning to appellee by Banks, Griffith & Sons. From the date payment was stopped until subsequent to the filing of this suit, defendant Jones had on deposit with appellee to his credit funds more than sufficient to cover the amount of the draft. Chrisman filed a plea of privilege, claiming the right to be sued in the county of his residence. The cause, upon its merits, was tried upon his second amended original answer, which consists of exceptions, a general denial, and the allegation that he "adopts all and singular, all of the matters and things set out in his first amended original answer filed herein on, to wit, the 18th day of May, A. D. 1912, this adoption being by and with the consent and agreement of counsel for plaintiff and of the defendant, W. R. Jones, and prays as in first amended original answer." Since his first amended original answer, filed May 18, 1912, is not in the record, we are not advised as to the issues raised thereby. Jones filed an answer setting up that his liability upon the draft was as an indorser only, and asked for judgment over against Chrisman. The cause was tried before a jury and submitted upon special issues.

[1] By reason of the omission from the record of Chrisman's first amended answer, as noted above, we are unable to determine accurately the issues upon which the cause was tried; but we gather from the court's charge that Chrisman pleaded a failure of consideration, in that the automobile purchased from Jones, and for which the draft was given, did not comply with certain representations made by Jones to Chrisman with respect thereto. In response to the issues submitted, the jury found against the appellant upon this contention, and judgment was rendered in favor of the bank against Chrisman and Jones, and in Jones' favor over against Chrisman. From this judgment, Chrisman has appealed. His first assignment of error reads: "The court erred to the prejudice of this defendant in refusing to set aside the verdict and judgment rendered herein against this defendant, because said verdict and judgment are contrary to the law applicable to this case and the facts herein, and neither is supported or justified by the law or by the evidence in said cause, because: It is admitted by plaintiff that defendant Jones had money in its bank from the time it cashed the check sued on more than sufficient to cover said draft contin-

uously from the date thereof until after the plaintiff was put on notice of the claim of fraud in the procurement of said check as set up by this defendant, and the giving of notice to the plaintiff of the vice in said check, and therefore plaintiff has no cause of action herein against this defendant." And in support thereof urges this proposition of law: "The facts being undisputed and agreed by all parties to be true that the appellee, W. R. Jones, who was payee in the draft sued on, had more than sufficient funds in the hands of the appellee Lumberman's National Bank (plaintiff in the court below) to have covered the draft sued on from the time that said draft was assigned to it until after the appellee bank is admitted to have had notice of the vice in the draft sued on, and of the claim of the appellant Chrisman of the failure of consideration for said draft, for the false and fraudulent representations alleged by said Chrisman to have been made to him by said Jones, it was not only the right, but the duty of the appellee bank to have charged said draft back to the account of the said W. R. Jones, and thereby to have protected itself; hence the appellee bank cannot maintain its suit against the appellant Chrisman, and cannot recover herein against him."

The following cases are relied upon as supporting the proposition advanced under the foregoing assignment, viz.: Sperlin v. Peninsular Loan & Discount Co., 103 S. W. 232; Union National Bank v. Menefee, 134 S. W. 822; Van Winkle Gin & Machinery Co. v. Citizens' Bank of Buffalo, 89 Tex. 147, 33 S. W. 862; State Bank v. J. Blakey & Co., 35 Tex. Civ. App. 87, 79 S. W. 331; Johnson County Saving Bank v. Renfro, 57 Tex. Civ. App. 160, 122 S. W. 37. These authorities do not support the contention made. The mere claim of fraud in the procurement of the check did not impose upon the bank the duty of charging the amount thereof against the moneys on deposit with it belonging to Jones. Had fraud, in fact, existed in the procurement of the check or a failure of consideration, then the authorities cited would have been in point; but this issue was resolved against the appellant by the jury, and certainly a mere claim of fraud was insufficient to impose upon the bank the duty of charging to Jones' account the amount of the draft. Chrisman was primarily liable upon the draft. The bank was the owner thereof, and the verdict of the jury has established that it was subject to no defense, even as against Jones, and the bank had the right to sue Chrisman and recover against him, though Jones may have had ample funds on deposit with it to cover the amount of the draft.

[2] The second and third propositions advanced under the foregoing assignment relate to the action of the court in overruling the plea of privilege. The assignment itself relates, not to the action of the court in over-

ruling that plea, but to the judgment as rendered upon the merits; the contention being that the verdict and judgment was contrary to the law under the facts adduced in evidence. Not being germane to the assignment, they are not entitled to consideration; but what has been said above, nevertheless, disposes of same, since Chrisman and Jones were both liable upon the draft and Jones resided in Harris county, which would give the bank the right to sue in that county, unless there was collusion upon the part of Jones and the bank to fraudulently confer upon the courts of Harris county jurisdiction over the person of Chrisman. No evidence of fraud in this respect is called to our attention and none has been observed by us. The last two propositions are therefore likewise untenable.

[3] The second and third assignments relate to the exclusion of evidence. We are not referred to any bill of exception covering the matter and will not search the record to ascertain if proper bills were taken. We may say, in passing, however, that the excluded evidence was subject to the objection made that it was the conclusion of the witness and was properly excluded.

The last assignment is disposed of by what is said in passing upon the first.

Affirmed.