B. F. HODGES V. E. W. ROBERTS ET AL.

No. 6374.

1. **Express Lien.**—Any person capable of contracting may create a lien on his property to secure the debt of another without subjecting himself to any further obligation than the lien contract imposes.

2. **Vendor's Lien—Endorser.**—A vendor received in part payment for land a promissory note endorsed to him by the vendee and made by third persons. In the deed a lien upon the land was retained to secure the payment of the principal and interest of the note so endorsed by the vendee. Suit was not brought to the first term of the court after maturity of the note, nor was diligence shown to bind the vendee as endorser. *Held*, it is immaterial whether the right of the plaintiff to a personal judgment against the vendee as endorser ever existed or had been lost against him as endorser, for so long as the debt which the lien was created to secure may be enforced against the person whose obligation was secured by it the lien exists and may be enforced.

APPEAL from Montague. Tried below before Hon. F. E. Piner.
The opinion states the case.

*Stephens & Herbert*, for appellant.—When the endorser of a promissory note, in addition to his personal liability as endorser, undertakes to further secure such note by giving a lien on certain lands by him purchased of the endorsee, and for the purchase money of which said note is endorsed, he, the said endorser, becomes an original guarantor and is as liable for the payment of such note as the original maker.

*Jameson & Chambers*, for appellees.

STAYTON, CHIEF JUSTICE.—On January 8, 1884, B. F. Hodges sold to T. J. Hart a tract of land.

For the land Hart paid $200 cash and transferred to Hodges a negotiable note for $300 executed to himself by E. W. Roberts, G. W. A. Roberts, and R. E. Bell, payable on November 1, 1884.

This note was accurately described in the deed as a part of the purchase money for the land, and the deed reserved a lien on the land to secure its payment.

The reservation was in the following language: "But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises, and improvements until the above described note and all interest thereon are fully paid according to the face and tenor, effect and reading, when this deed shall become absolute."

This action was brought on December 21, 1886, against the makers and endorsers of the note, with prayer for judgment against all of them and for the enforcement of the lien.

All the defendants were cited, but only the defendant Hart answered. His answer consisted of exceptions to the petition and a general denial.

The exceptions questioned the sufficiency of the facts pleaded to give lien, and urged the want of the diligence required by the statute to fix liability upon him as an endorser.

The cause was tried without a jury and was disposed of after the evi-

dence was heard without any separate ruling on the exceptions, and a judgment was rendered in favor of all the defendants.

The evidence offered consisted of the note sued upon, the deed from Hodges to Hart, and the testimony of the latter, who stated that he endorsed the note for the purpose alleged, but that after it was due he had more than once requested the plaintiff to sue upon it when its makers were solvent, but that he had failed to do so until several terms of the court had passed, when the makers were insolvent.

There can be no pretense that the petition did not state a cause of action against all the defendants, nor can it be with any show of reason contended that the petition did not state facts which fixed a lien on the land described to secure the payment of the note sued on.

We are not informed by the record of the ground on which the court acted in entering a judgment for all the defendants, but from the brief of counsel for appellees we infer that the court held no judgment could be rendered in favor of the plaintiff, because by his failure to use such diligence as would fix liability on the endorser no judgment against the makers of the note could be rendered or lien foreclosed.

Under the facts shown it is clear that the plaintiff did not use such diligence as the statute requires to fix the liability of an endorser, and this furnished a sufficient reason why no personal judgment should have been rendered against him (Rev. Stats., arts. 262, 273), but this furnished no reason why judgment should not have been rendered against the makers of the note.

The real question is, ought the express lien given by the deed to have been enforced when a state of facts existed which deprived the plaintiff of the right to a personal judgment against Hart?

The existence of a debt is necessary to support a lien, but it does not follow from this that the debt must be that of the person creating a lien on which a personal judgment may be rendered against him.

Any person capable of contracting may create a lien on his property to secure the debt of another without subjecting himself to any further obligation than the lien contract gives.

A wife may mortgage her property to secure the debt of her husband and lien will be enforced, notwithstanding no personal judgment may be rendered against her on the contract.

It is immaterial whether the right to a personal judgment against the maker of a lien ever existed under the contract or has been lost by failure to use diligence, for so long as the debt which the lien was created to secure may be enforced against the person whose obligation is secured by it the lien exists and may be enforced unless there be that in the contract which evidences a contrary intention.

The contract before us provided that the lien should continue until the note secured by it, with all interest, was paid, and not that it should

cease to exist if the holder of the note failed to use such diligence as was necessary to entitle him to a final judgment against the endorser.

If the endorser desired to enforce the debt against the makers of the note soon after it became due, and thus relieve his property from the lien, he could have paid off the note and have brought suit on it at any time against the makers, and thus have protected himself.

There was neither pleading nor proof such as ·would protect the endorser against the enforcement of the lien under the statute giving to a surety the right, on giving the notice required, to have the creditor promptly sue the principal debtor or otherwise the surety to be released; and it is therefore unnecessary to inquire what under the contract would have been the right of the endorser had he complied with articles 3660, 3661, Revised Statutes.

On the case made the court below should have entered judgment against the makers of the note sued on for the full sum due, and should have enforced the lien given in the deed to secure its payment, and its judgment will be reversed and judgment here so rendered, with costs in this court and in the court below against all the appellees.

*Reversed and rendered.*

Delivered October 15, 1889.