### BROOKE SMITH ET AL. v. F. M. BOWEN ET AL.

#### Decided February 6, 1907.

**1.—Cotton Futures—Gaming Contract.**

A contract concerning the price of cotton sold and delivered in October, which fixed it at the market price of "May futures" on a date to be named by the seller at any time between the sale and the twentieth of the next April, adopted, it seems, a lawful means of fixing the price. But if the actual contract was that the purchaser should buy and carry for the seller a like amount of "May futures" and close them out at the latter's option, within such dates, the loss or gain from that transaction to be deducted from or added to the money advanced on the actual cotton bought and sold, the consideration was in part an illegal gaming transaction, and there could be no recovery, on such contract, of the loss upon the deal in futures.

**2.—Same.**

The rule that a party can recover if he establishes a cause of action without resorting to an illegal undertaking to establish it does not apply to the case where defendant proves the consideration to be in part illegal, and he is not estopped from making such defense.

**3.—Written Instrument—Parol Evidence.**

The rule prohibiting the introduction of parol evidence to vary a written instrument does not prevent the party sued thereon from showing that the consideration was other than that recited and was illegal.

Appeal from the District Court of Brown County. Tried below before Hon. Jno. W. Goodwin.

*G. N. Harrison,* for appellant.—The mere fact that at the same time another promise, which was unlawful and was based upon the same consideration, was made by Williams & Co. to Bowen, did not render the lawful promise made by him void, nor could it be set up by Bowen, to defeat the suit on his promise. Haswell v. Blake, 14 Texas Ct. Rep., 394, and cases therein cited; Gulf, C. & S. F. Ry. Co. v. Hume Bros., 87 Texas, 218, and cases there cited; McCulloch v. Virginia, 172 U. S., 115; Robinson v. Green, 44 Mass., 159; Clark on Contracts, 474; 9 Cyc., 564, et seq., and notes.

Appellants having made a prima facie case and rested without showing or requiring the aid of any illegal part of the contracts sued on, Bowen should not have been permitted to set up in his defense illegality, to which he was a party, in the contracts, and thus destroy them. Irvin v. Irvin, 29 Law Rep. Ann., 292; Haswell v. Blake,

14 Texas Ct. Rep., 394, and cases there cited; 9 Cyc., 556, and notes, and also 564 and notes; Oliphant v. Markham, 79 Texas, 543; St. Louis, I. M. Ry. Co. v. Mathews, 42 S. W. Rep., 904; Santa Clara Valley Mills v. Hayes, 9 Am. St. Rep., 21; Corcoran v. Lehigh, etc., Coal Co., 138 Ill., 390; Rand v. Mather, 59 Am. Dec., 131; Weitzner v. Thingstad, 56 N. W. Rep., 817; Fishell v. Gray, 37 Atl. Rep., 606.

Whether or not H. T. Williams & Co. agreed to purchase any May future contracts for defendant Bowen is immaterial in determining the issues in this case. See authorities cited under preceding propositions, and the following: 15 Cyc. of Law, 990 et seq.; Cincinnati P. B. S. & P. P. Co. v. Bay, 200 U. S., 179.

*Woodward & Baker, Jenkins & McCartney,* and *Snodgrass & Dibrell,* for appellees.—The appellees contend that this contract is a gambling contract on its face, in that the parties agree that the purchase price of the cotton is not to be ascertained by the actual price of cotton on the New York market on any particular date, but they agree to ascertain the price by reference to the price at which May futures are being sold on the New York Cotton Exchange by gamblers on said exchange on any day selected by the appellee herein in one contract between the 10th day of October, 1904, and the 20th day of April, 1905, and in the other contract between the 18th day of October, 1904, and the 20th day of April, 1905. We contend that this makes the contracts a pure speculation in the rise and fall of the future market, and makes the contract a gambling contract. Norris v. Logan, just decided by this court and Supreme Court.

If this contention, however, be overruled, then we insist that under the pleading and evidence herein the said contracts are invalid, for the reason alleged in the defendant Bowen's amended answer filed herein. Appellee had the right to show by parol testimony the gambling character of the transaction represented by the two written contracts, and he was not precluded by the written contract from so doing, he having plead that the contracts sued upon were gambling contracts. Sanger v. Miller, 26 Texas Civ. App., 111.

EIDSON, ASSOCIATE JUSTICE.—Appellants brought this suit in the court below against F. N. Bowen and H. T. Williams & Co., to recover the sum of $3,848.50, alleged to be balance due from appellee Bowen to said H. T. Williams & Co., on two written contracts for the sale of certain cotton by the said Bowen to the said H. T. Williams & Co., and which contracts had been assigned by the latter to appellants.

Appellee Bowen pleaded, as a bar to recovery by appellants, that one of the considerations for the sale of the cotton to which said contracts related was illegal in that it consisted of the agreement of the said H. T. Williams & Co. to purchase for appellee Bowen two cotton futures, May contracts for 100 bales of cotton each, and carry the same for Bowen with the right, on his part, to select any day between the dates of the respective deliveries of said cotton and April 20th, 1905, and that, upon the day so selected, said Williams & Company agreed to sell said future cotton contracts on the New York future market, and to render Bowen an account sales thereof; and, if upon

said sale, after deducting 100 cents per 100 pounds on the cotton delivered October 10th, 1904, and 115 cents per 100 pounds on the cotton delivered under the other contract, said Williams & Co. realized a sum of money less than the amount they had paid Bowen for the cotton sold and delivered by him to them, then Bowen was to make good the deficiency; but, on the other hand, if after making said deductions, Williams & Company realized more than the amount they had paid to Bowen for the cotton sold and delivered to them by him, then they were to pay Bowen the profits of the transaction in futures over and above the amount they had paid him on the sale of the spots. And that the agreement of Williams & Co. to purchase and carry these future contracts for Bowen was one of the inducements causing him to enter into the contracts for the sale of the spot cotton and was one of the considerations therefor; that in the buying and selling of said May future contracts in the New York market, there was no intention on the part of either said H. T. Williams & Co. or said Bowen that there would be any actual delivery of the cotton represented by said contracts.

There was a verdict and judgment in favor of appellee Bowen and against H. T. Williams & Co. in favor of appellants for the amount sued for. Upon a trial of the case the court below, over the objections of appellants, admitted testimony in support of the above plea of appellee Bowen, and appellants, by various assignments, have predicated error upon this action of the trial court. Appellants' contention that said testimony was irrelevant and immaterial is without merit, as proof that the contract is based in whole or in part upon an illegal consideration, is a good defense against its enforcement. The rule that the plaintiff can recover if he can make out his case without proving as a part of his cause of action the illegality of his contract, does not apply in a case of this character where the appellee claims the actual transaction to be illegal and different from that claimed by the appellant, which presents a question of fact for the jury to determine. If the transaction was as claimed by the appellants, they were entitled to recover, and the court so charged the jury, but if it was as claimed by appellees, it was based in part upon an illegal consideration, and therefore could not be enforced; and the evidence admitted did not simply show a different or independent transaction, but that the transaction was, in fact, not as claimed by appellants, but as claimed by appellee Bowen. A part of the consideration of the contracts upon which the suit is based being illegal, this illegality could not be affected by appellants or their assignors giving credit to appellee of the amount the cotton was worth according to future quotations on the New York Cotton Exchange. The rule that a written instrument sued upon can not be varied or contradicted by proof of a contemporaneous parol agreement does not apply in cases of this character. If the consideration, or one of the considerations, upon which the transaction is based is illegal, it may be shown by parol testimony. (Wiggins v. Bisso, 92 Texas, 222; Reed v. Brewer, 90 Texas, 149; Sanger v. Miller, 26 Texas Civ. App., 111.)

The 8th paragraph of the court's charge was proper, in view of the pleadings of appellee and evidence in support thereof, to which reference has been made. The court having in another paragraph charged

the jury to find for appellants against appellee Bowen in the event they found the money paid by H. T. Williams & Co. to him was a loan, it was unnecessary to specifically instruct the jury that they must find that such money was paid in payment for the cotton, and not as a loan, before they could find in favor of appellee Bowen on his plea as to the illegality of one of the considerations for the sale of the cotton. The illegal consideration pleaded as a defense to the action consisting in the agreement of H. T. Williams & Co. to buy May future contracts for appellee, the question as to whether or not such agreement was made was material to the issue pleaded, and it was not error for the court below to refuse the appellants' special charge No. 12. Paragraph 8 of the court's charge submitted to the jury for their determination issues pleaded and in support of which there was evidence which authorized a finding in appellee Bowen's favor; and if appellants desired a more specific instruction upon such issues, they should have requested same. It was not necessary that the agreement which constituted the illegal consideration pleaded should be shown to have been performed in order to render the contract based upon it invalid and unenforceable. The illegality inherent in the agreement constitutes its vice and renders it invalid as a consideration upon which to predicate a contract.

Appellants' special charge No. 8 was properly refused, as there was no evidence tending to show an intention to make an actual delivery of the cotton embraced in the future contracts. The agreement implies that there was no actual delivery of cotton intended, as it was to buy future contracts and not cotton for future delivery. (Logan v. Norris, 17 Texas Ct. Rep., 115.)

For reasons already stated, appellants' seventeenth and eighteenth assignments of error are overruled. The charge quoted in appellants' nineteenth assignment of error was properly refused, as it was a peremptory charge as to the amount of the recovery directed; and, besides, the main charge was sufficient on the subject to which the special charge related.

The court's charge as to the burden of proof was proper. It instructed the jury that the burden of proof was upon the plaintiffs to make out their case by a preponderance of the evidence, and that as to the issue of illegality of the contracts, the burden of proof was on the defendant Bowen.

There was no error in admitting the testimony of the witness Williams as to his system and method of doing business, which tended to show that the rule was not to deliver the cotton in making settlement of cotton future contracts, as such testimony tended to support appellees' allegation that there was no intention to deliver the cotton on the contracts claimed to have been bought for him. Under the charge of the court the jury necessarily found that the money paid to Bowen by Williams & Co. was not a loan in order to arrive at their verdict in favor of appellee Bowen.

The charge of the court which required the jury to believe from the evidence that one of the considerations of the contract sued upon was illegal, implied that before they could so find they must believe that

both parties agreed to and understood such consideration; hence it was not necessary to give to the jury the special charge No. 9 requested by appellants.

Appellants have embraced in their brief a number of other assignments of errors, which we have carefully considered, but do not deem it necessary to discuss them in detail. In our opinion none of them present reversible error. As already indicated, the verdict of the jury is amply supported by the evidence as shown by the record.

In our opinion no reversible error has been pointed out, and the judgment of the court below will therefore be affirmed.

*Affirmed.*

Writ of error refused.