## No. 9474.

### YATES AND McCLAIN REALTY COMPANY, ET AL. *v.* EL PASO NATIONAL BANK.

VENDOR'S LIEN—*Waiver of*—One having a vendor's lien upon real property for the purchase money thereof does not lose the lien by waiving the personal liability of the endorser of the obligation given by the purchaser.

*Error to El Paso District Court, Hon. John W. Sheafer, Judge.*

Mr. C. B. HORN, Mr. MARTIN M. BURNS, for plaintiffs in error.

Messrs. CHINN & STRICKLER, for defendant in error.

Opinion by Mr. Justice Allen.

This is a suit brought by The El Paso National Bank against the plaintiffs in error to foreclose an equitable vendor's lien upon certain real estate. Upon trial the court found that the bank now has and holds a lien upon the real estate in question, and decreed a foreclosure of the lien.

Prior to the trial the court sustained the plaintiff bank's demurrer to the several defenses set up in the answer of the defendant The Yates & McClain Realty Company. This is assigned as error, and is the only matter argued by plaintiffs in error in their brief on application for a supersedeas.

It is admitted by the pleadings that the bank sold to the Realty Company the real estate in controversy. The consideration received consisted of promissory notes executed by one Geo. H. Paul, which were endorsed by the Realty Company, and by it transferred to the bank. At the time of the sale a contract was entered into between the

vendor and the vendee, whereby the deed to the property was not to be delivered until the notes were duly paid off and discharged. It is conceded that in this transaction the bank retained a vendor's lien upon the premises.

It is asserted, in effect, by the plaintiffs in error that the defenses, to which the demurrer was sustained, alleged facts showing that the plaintiff bank "by its conduct and manipulation of these notes * * * had waived the liability of the endorser," the defendant Realty Company. Assuming, without deciding or conceding, that the foregoing statement of the plaintiffs in error is correct, the facts therein contained are not sufficient to show that the bank waived or lost its vendor's lien.

The theory of the law apparently adopted by the plaintiffs in error, and the only proposition relied on, is "that by waiving the liability of the endorser on the notes" the bank "thereby waived the lien." No authorities are cited, and no reasoning is offered, to sustain this proposition. The case of *Hodges v. Roberts*, 74 Tex. 517, 12 S. W. 222, is an authority to the contrary. In that case it was held that although the plaintiff's vendor's right to a personal judgment against the vendee, as indorser on a note given for the land, was lost by negligence, the lien reserved by the vendor could still be enforced. The reason on which the decision was based in that lien was a security for the payment of the debt evidenced by the note. The court also said: "The existence of a debt is necessary to support a lien, but it does not follow from this that the debt must be that of the person creating the lien on which a personal judgment may be rendered against him."

Our attention is not called to any facts alleged in the answer from which it might be inferred that the plaintiff waived or lost its vendor's lien. It is not claimed that the lien was expressly released or that other security was substituted in its stead. Furthermore, it should be noted that the record shows that the legal title was never transferred by the vendor to the vendee, but was retained as

security for the payment of the notes. Circumstances which would create a waiver or cause the loss of a vendor's lien in cases where the vendor has transferred the title, do not have the same effect in cases where, as here, the vendor retains title. 2 Warville on Venders, sec. 715.

In view of the foregoing circumstances, we are of the opinion that the demurrer was properly sustained and that the answer presented no facts precluding the plaintiff from foreclosing its lien. The case is controlled by the rule announced in 2 Warville on Vendors, sec. 715, as follows:

"By retaining the title, the vendor has manifested in the most unmistakable terms, his purpose of looking to the land as security for his debt; that security can only be divested by performance of the act for which the land is held, and equity will never compel him to part with the title until he has actually received the consideration."

See also 2 Jones on Liens, sec. 1116. The answer alleges no facts coming within any exception to the principle above stated.

No reversible error being pointed out in the brief on application for a supersedeas, the application is denied and the judgment affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.