### RAWLINGS v. EDIGER.   (No. 1755.)

(Court of Civil Appeals of Texas. Amarillo. May 5, 1921. Rehearing Denied June 1, 1921.)

1. Pleading ⊜36(3)—Evidence in support of plea in confession and avoidance admissible despite defendant's admission.

   Where the facts pleaded by defendant properly constituted a plea in confession and avoidance, evidence in support thereof was admissible notwithstanding defendant's admission of plaintiff's cause of action under rule 31 for district and county courts (142 S. W. xx).

2. Bills and notes ⊜503—Evidence by defendant to show that third person owned interest in note sued on admissible on issue of no consideration.

   In an action on a note, wherein defendant admitted plaintiff's cause of action, and pleaded failure of consideration, it was not error to allow defendant to show that a third person owned an interest in the note, where such fact was pleaded and shown in the presentation of the real defense that defendant had not received the consideration for which the note was given, and that an agreement had been made for rescission of the contract under which it had been given, and for cancellation and return of the note.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by R. C. Rawlings against Jacob H. Ediger. From judgment for plaintiff, defendant appeals. Affirmed.

H. C. Randolph, of Plainview, for appellant.

C. H. Curl and Williams & Martin, all of Plainview, for appellee.

BOYCE, J. R. C. Rawlings, appellant, brought this suit against Jacob H. Ediger, appellee, to recover on a promissory note for the sum of $898.50, executed by Ediger and payable to Rawlings. The defendant pleaded failure of consideration and alleged in support of this plea: That the note was given as a part of the consideration for a tract of land contracted to be purchased by the defendant from Geo. W. Littlefield; that the plaintiff made said contract as agent for the said Littlefield; that $708.40 of the note belonged to the said Littlefield; that thereafter the said contract for the sale of said land was rescinded by agreement between all parties interested therein, to wit, the plaintiff, Geo. W. Littlefield, and the defendant, and that as part of such rescission agreement it was agreed that said note should be returned to the defendant; that one Cowart, as partner or agent, acted for the plaintiff in making of said rescission agreement, and that the said Cowart had full authority to act for the plaintiff in such matter; that defendant had never received anything for said note; and that it was, by reason of the facts stated, without consideration. The plaintiff, by supplemental petition, specially denied partnership with Cowart.

The defendant filed admission of plaintiff's cause of action under rule 31 for district and county courts (142 S. W. xx), and offered evidence in support of the allegations of his answer as above stated. The trial judge submitted an issue as to Cowart's agency for plaintiff, and on the answer of the jury thereto entered judgment for the defendant.

All three assignments presented on this appeal are in reference to the effect the admission under rule 31 should have on the introduction of evidence and submission of the case to the jury.

[1] It is first contended that the court should have given a peremptory instruction for the plaintiff, because of such admission. We overrule this assignment. The facts pleaded properly constituted a plea in confession and avoidance (Townes on Pleading, 539–542), and evidence in support thereof was admissible notwithstanding defendant's admission under rule 31 (Fed. Life Insurance Co. v. Wilkes, 218 S. W. 591, and authorities).

[2] Under the other two assignments it is contended that it was error to allow the defendant to show that the said Geo. W. Littlefield owned an interest in said note. If the fact of such ownership had been relied on alone as constituting a defense to the note, and defendant had been contending that plaintiffs could not recover on the note because it was partly owned by said Geo. W. Littlefield, there might be some merit in this contention; but such fact was pleaded and shown merely as a fact, and really an immaterial one, in the presentation of the real defense that defendant had not received the

consideration for which the note was given, and that an agreement had been made for rescission of the contract under the terms of which it had been given and for the cancellation and return of the note.

Affirmed.