## W. T. RAWLEIGH CO. v. WATSON et al.
## (No. 2.)

(Court of Civil Appeals of Texas. Waco. Oct. 18, 1923. Rehearing Denied Dec. 13, 1923.)

**1. Evidence ⬯437—Parol evidence rule inapplicable, where illegality alleged.**

The rule that parol evidence is not admissible to restrict, enlarge, or contradict the terms of an unambiguous written contract was inapplicable, when facts showing illegality of contract of sale under the anti-trust laws were alleged.

**2. Pleading ⬯127(2)—Defense of violation of anti-trust laws held not cut off by admission of interstate character of transaction.**

Defendants, sued for the balance due for goods purchased, *held* not cut off from their defense that the contract was so modified as to be obnoxious to the anti-trust laws by their admission that the original contract was an interstate commerce transaction, in view of pleadings and the jury's findings as to matters occurring after the sale and delivery of the goods.

**3. Trial ⬯25(9)—Effect of admission of cause of action for right to open and close stated.**

By admitting plaintiff's cause of action, as authorized by District Court Rule 31, to obtain right to open and close, defendants admitted only such facts as could not be defeated under their special answer that the contract sued on was so modified as to be obnoxious to the anti-trust laws, and were not deprived of their right to introduce testimony to prove such defense.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. T. Rawleigh Company against W. O. Watson and others. Judgment for defendants and plaintiff appeals. Affirmed.

Wear, Wood & Wear, of Hillsboro, for appellant.

Collins, Dupree & Crenshaw, of Hillsboro, for appellees.

BARCUS, J. The W. T. Rawleigh Company, an Illinois corporation, filed this suit in Hill county against W. O. Watson, as principal, and W. N. Watson, Tom Tyler, and J. P. Biggers, as sureties or guarantors, to recover a balance of $747.69 due on goods, wares, and merchandise purchased by W. O. Watson under a written contract with appellant. Appellant alleged the execution and delivery of the principal contract by appellee W. O. Watson, and the execution and delivery of the guaranty contract by the other appellees, and the acceptance of both of the contracts, and the sale of the merchandise, and the delivery of same f. o. b. cars at Memphis, Tenn., and that same constituted interstate commerce; and alleged that appellees promised and agreed to pay for such merchandise and asked for a recovery thereof, with interest.

The appellees admitted the correctness of the account sued on and that appellant was a foreign corporation, and that the transaction between appellant and appellees out of which the suit arose was an interstate commerce transaction, and after the jury was impaneled, and before any testimony was offered, filed the following admission:

"The defendants W. O. Watson, W. N. Watson, Tom Tyler, and J. P. Biggers, each for himself, admits that the plaintiff has a good cause of action as set forth in his petition except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial,"

—under rule 31 of the District Courts, and were given the right to open and close in introduction of testimony and argument.

The appellees, as a special defense to appellant's suit, alleged that there were collateral, supplemental, and subsequent agreements between appellant and appellee W. O. Watson, whereby the original contract between them was modified so that the same was rendered illegal and in violation of the anti-trust laws of the state of Texas, in that the territory in which appellee W. O. Watson should sell the goods purchased from appellant was restricted, the price which they were to be sold for was fixed by appellant, and W. O. Watson was required to devote all of his time and attention to selling such goods; the appellees, except W. O. Watson, alleging further that they knew nothing of said modifications of said contract and that the goods sold to W. O. Watson were sold under said contract as modified, and that said modifications and additions to said contract were made, adopted, and acquiesced in by appellant and appellee W. O. Watson before he began selling said goods and before his contract was accepted by appellant.

The appellant, by a supplemental petition, demurred to the defensive matters pleaded by appellees, and specially denied all of said matters; and further alleged that all of the letters, booklets, and literature which they sent to appellee W. O. Watson were not for the purpose and specially provided that they should not in anywise alter, modify, or change said contract, but should only be considered as suggestive, educational, and advisory, and specially plead the provision of the original written contract to the effect that the same could only be changed or modified by the written agreement of the parties thereto under the seal of appellant, and that no such modification of said contract was ever made.

There was testimony offered by appellees and appellant raising the issues as presented in appellees' answer. The cause was sub-

mitted to the jury on the three following special issues:

(1) Did the plaintiff and defendant W. O. Watson contract or agree that the territory in which the said W. O. Watson was to sell the goods of plaintiff was to be restricted?

(2) Did plaintiff and defendant W. O. Watson contract or agree that defendant W. O. Watson was to sell the goods shipped him by plaintiff at a price fixed or to be fixed by plaintiff?

(3) Did plaintiff and defendant W. O. Watson contract or agree that defendant W. O. Watson was to devote his entire time, skill, and attention to the business of selling goods purchased by defendant W. O. Watson from the plaintiff?

The jury answered each of said questions in the affirmative, and, on said verdict, the court rendered judgment that appellant take nothing and appellees recover of appellant their costs.

This case, in so far as the facts are concerned, is almost identical with the case of W. T. Rawleigh Co. v. Smith (Tex. Civ. App.) 231 S. W. 799; the only material difference in the two cases and the issues raised thereby being that in this case the appellees made the admission above set forth and were given the opening and closing in the introduction of testimony and in the argument. The appellant made no objection to the court giving the appellee said opening and closing.

[1] Appellant presents six assignments of error, raising three main questions. First, that the original contract between appellant and appellees being in writing, the trial court erred in admitting any testimony to vary the terms of the written contract. Under the authorities of this state, the assignments presenting this issue should be overruled.

"While the general rule is well established that parol evidence is not admissible to restrict, enlarge, or contradict the terms of a written contract where there is no ambiguity in its meaning, yet, when facts are alleged showing the existence of fraud, accident, or mistake, or that the contract was entered into for the 'furtherance of objects forbidden by law, whether it be by statute, or by an express rule of the common law, or by the general policy of the law,' the rule has no application." Fenter v. Robinson (Tex. Civ. App.) 230 S. W. 844; Caddell v. Watkins Medical Co. (Tex. Civ. App.) 227 S. W. 226; Talbot & Son v. Martindale (Tex. Civ. App.) 211 S. W. 302; Smith v. Bowen, 45 Tex. Civ. App. 222, 100 S. W. 796; W. T. Rawleigh Co. v. Smith (Tex. Civ. App.) 231 S. W. 797; Watkins Medical Co. v. Johnson (Tex. Civ. App.) 162 S. W. 394.

[2] The second question presented by appellant's assignments of error is that since the appellees admitted that the goods were originally purchased under what is commonly called interstate commerce, that the anti-trust law would not apply. As we construe the admission of appellees, they were not cut off from their defenses as plead that the original contract was so modified by collateral, supplementary, and subsequent agreements as to make it obnoxious to the anti-trust laws; the appellees contending in their pleadings that the goods after they were sold and delivered to the appellee W. O. Watson were so handled and the disposal of them so controlled by appellant in the state of Texas as to make the contract obnoxious to and in violation of the anti-trust laws, and the issues as plead by appellees and appellant, and the jury having found the facts to be that the appellant did restrict the territory in which appellee W. O. Watson could sell, and did fix the price at which he must sell, and did require him to give all of his time to said business, so changed the original contract as to make it obnoxious to and in violation of the anti-trust laws of the state of Texas. W. T. Rawleigh Medicine Co. v. Fitzpatrick et al. (Tex. Civ. App.) 184 S. W. 549; Fuqua et al. v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Caddell v. Watkins Medical Co. (Tex. Civ. App.) 227 S. W. 226.

[3] The third question presented by appellant's assignments of error is that appellees, having filed the above admission under rule 31, in order to get the opening and closing in the introduction of testimony and the argument, thereby admitted appellant's cause of action and all of the testimony offered by appellees was immaterial, and that the court should have instructed a verdict for the appellant because the matters plead by appellees were no defense since the appellees had admitted appellant's cause of action as being true.

It is difficult to determine the intended limitations resulting from, or the scope and extent to which the defendant binds himself, by filing in the trial court an admission as required under rule 31. The leading case on this question seems to be Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 222, by the Supreme Court. The plaintiff in that case filed suit on a written contract and note. The defendant admitted the execution of the contract and note, but claimed in defense that there was no consideration, and other defenses, and filed in the trial court an admission under rule 31, and the Supreme Court said:

"It is a general rule of the common law that a party who has the affirmative of the issue has the right to open and conclude. The admission in this case is in the language of rule 31 of rules of practice for the district courts. The manifest purpose of this rule was to secure to a defendant the right to open and conclude when, upon the real issues in the case, the burden of proof rests upon him; that is to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action he is permitted to admit the prima facie case of the plaintiff, although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense

he has set up. The rule is intended to secure a valuable right, and is just, and it should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover; but does not admit allegations in the petition which merely deny new matter alleged in the answer, the burden of proof of which is upon the defendant. * * * In admitting the plaintiff's cause of action, 'except in so far as it may be defeated by the facts of the answer,' etc., he does not purport to admit the allegations of the petition, but merely to admit that the plaintiff has a prima facie case, and expressly declines to admit any fact inconsistent with the new matter alleged in his answer."

Appellees, by their admission in this cause, admitted only such facts as could not be defeated under their special answer, and said admission did not deprive them of their right to introduce testimony to prove said defenses. Rawlings v. Ediger, 231 S. W. 163; Federal Life Ins. Co. v. Wilkes (Tex. Civ. App.) 218 S. W. 591; Meade v. Logan (Tex. Civ. App.) 110 S. W. 188; Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 222; Newby v. W. T. Rawleigh Co. (Tex. Civ. App.) 194 S. W. 1173; Whisenant v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1175; Payne v. Beaumont (Tex. Civ. App.) 245 S. W. 94.

We have carefully considered all of the assignments of error presented by appellant herein, and do not think that any of them show reversible error, and we therefore overrule all of said assignments and affirm the judgment of the trial court.

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes