T. D. JEFFREY, Jr., et al., Petitioners,

v.

Tay W. BOND, Respondent.

No. B–4228.

Supreme Court of Texas.

May 1, 1974.

Rehearing Denied June 12, 1974.

Dale E. Muller, James R. Sloan, Austin, for petitioners.

Gay & Latting, Joseph Latting, Austin, for respondent.

REAVLEY, Justice.

The contest here is over the priority or existence of liens against a tract of 5.33 acres. The lower courts have held that a cotenant, having paid the full mortgage debt and taken an assignment of the note and security interest to protect his claim for contribution from the other cotenant, lost that security by a merger of his legal and equitable interests. We disagree. The facts are set out in more detail in the opinion of the Court of Civil Appeals (498 S. W.2d 31) than need be restated here.

C. T. Uselton and Albert Craus were equal cotenant owners of the fee in the 5.33 acres. On December 19, 1969 they borrowed $20,000 from the University State Bank, and they executed a deed of trust to the 5.33 acres to secure payment of the promissory note. When the note became due the following March, Uselton paid $10,000 to the bank. Craus was unable to pay and in July of 1970 Uselton paid the other $10,000 to the University State Bank, which then assigned the note and lien to T. D. Jeffrey, Trustee. T. D. Jeffrey, Jr. as substitute trustee under the deed of trust subsequently gave notice of sale of the 5.33 acres. The purpose of the sale was to satisfy the claim of T. D. Jeffrey, Trustee for C. T. Uselton against Albert Craus.

Another lien had been created against this tract by an agreement signed by Craus and Uselton on February 12, 1970. This came at the time of a $30,000 loan by the North Austin State Bank. A note in that amount was executed by Craus, Uselton, Tay W. Bond, and Harry Peterson. The four of them also agreed in writing that if Bond or Peterson were compelled to pay the $30,000, they would be secured for their reimbursement by a second lien against the 5.33 acres. This effort was made primarily for the benefit of Craus, who needed cash for purposes of another land transaction which ultimately collapsed. Uselton testified that he signed the note and agreement of February 12 at the request of Craus. The North Austin State Bank note came due in March of 1970. Peterson paid the bank, and Bond then satisfied Peterson and took the obligation against Craus and the second lien.

Bond sued Craus for the $30,000 and also sued Uselton, T. D. Jeffrey, Jr., and T. D. Jeffrey, Trustee, to enjoin the trustee's sale and establish Bond's own lien as the prior claim against the 5.33 acres. T. D. Jeffrey, Trustee, answered with a cross action against Bond to declare Bond's lien null and void, and the trial court was asked to order a sale of the property and foreclosure of the lien in favor of Uselton. A judgment against Craus for the $10,000 was also sought. Both Bond and Uselton obtained their personal judgments against Craus in the trial court, and Craus made no appeal.

Uselton contends that he accommodated Bond to obtain the North Austin State Bank loan and that since he therefore owes

no debt to Bond, there can be no security interest in the land in favor of Bond. On the other hand, Bond contends that the University State Bank lien merged into the legal title of Uselton and is no longer enforceable. We reject both contentions.

 The record shows that both Bond and Uselton were accommodating Craus on the North Austin State Bank loan, and it is also clear that Craus is indebted to each of them. The personal liability between Bond and Uselton is not a question in this case since neither seeks that relief. The only question is whether a debt exists to support the security interest of Bond in the 5.33 acres. The written agreement and testimony of Uselton establish a lien upon the land to secure the indebtedness of Craus to the extent of $30,000. Uselton's agreement would have been binding upon him and the land even if Craus had not been a cotenant. In Hodges v. Roberts, 74 Tex. 517, 12 S.W. 222 (1889), Chief Justice Stayton wrote: "Any person capable of contracting may create a lien on his property to secure the debt of another without subjecting himself to any further obligation than the lien contract gives."

There is some argument made by Uselton to the effect that the trustee's sale by Jeffrey will extinguish Bond's second lien. It will, of course, mean the transfer of the land itself free of all liens, but Bond's security interest will be transferred to the money paid to the trustee and his claim may be collected out of the surplus remaining after the prior claim is paid. Wynne v. State Nat. Bank of Ft. Worth, 82 Tex. 378, 17 S.W. 918 (1891); Pearson v. Teddlie, 235 S.W.2d 757 (Tex.Civ.App. 1951, no writ).

As for Uselton's lien, there is no legal or equitable cause for it to be nullified by the doctrine of merger. Craus is indebted to Uselton in an amount exceeding $10,000. Uselton owns only an undivided one-half interest in the land; Craus owns the other interest. Uselton is entitled to foreclosure and sale of the land and to priority for the collection of his debt against Craus. Linz v. Bower, 86 S.W.2d 63 (Tex.Civ.App.1935, writ ref'd); Schluter v. Sell, 194 S.W.2d 125 (Tex.Civ.App. 1946, no writ); 9 Thompson on Real Property 593 (1958).

The judgments below are reversed. The cause is remanded to the trial court for judicial foreclosure, sale and distribution of the proceeds in the following order: (1) C. T. Uselton to receive the $10,000 and interest and other charges collectible under the terms of the note and deed of trust; (2) Tay W. Bond to receive $30,000; (3) The remainder, if any, to be divided among the cotenants or successors in interest of C. T. Uselton and Albert Craus, with any proceeds due Albert Craus to be applied upon his judgment debts as shall be proper. The costs of court, except such costs adjudged by the Court of Civil Appeals which have become final in absence of application for writ of error, shall be paid by Tay W. Bond.