# FIFTH DISTRICT, 1901.

J. H. NEELY ET AL. v. GRAYSON COUNTY NATIONAL BANK,
GARNISHEE.

Decided March 2, 1901.

**1.—Garnishment—Equitable Assignment of Fund in Bank.**

Where a debtor, having funds to his credit in a bank, drew a check thereon in favor of one of his creditors before garnishment of the bank by another creditor, the delivery of the check operated as an equitable assignment of so much of the fund, although the bank had no notice thereof at that time, and the bank was authorized to make payment of the check after the garnishment had been served upon it.

**2.—Same—Setoff by Bank—Insolvent Debtor—Notes Not Due.**

A bank, when garnished by creditors of one of its depositors who has become insolvent and who is indebted to it by notes secured by personal indorsement, has the right, as against the garnishing creditors, to set off the deposit so in its hands against such notes, although the notes be not yet due.

Appeal from the County Court of Grayson. Tried below before Hon. J. D. Woods.

*Charles Crenshaw,* for appellant.

*A. L. Beaty,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant J. H. Neely recovered a judgment in the County Court of Grayson County on September 12, 1899, against Frank Schwulst for the sum of $317.02, with interest and costs. Execution was regularly issued upon the judgment, and on the 11th day of August, 1900, J. H. Neely filed her affidavit for garnishment and caused a writ of garnishment to issue against the Grayson County National Bank, a corporation, which writ was served on the 11th day of August, 1900. The bank answered denying any indebtedness to Frank Schwulst. This answer was controverted by J. H. Neely on the 4th day of September, 1900. On August 25, 1900, Frank Schwulst filed his petition in bankruptcy in the United States Court for the Eastern District of Texas, and on the 27th of August was adjudged a bankrupt. H. N. Tuck was appointed trustee of the estate of said bankrupt, and thereafter, on the 24th of September, said trustee was granted permission by the County Court to intervene in this suit, on which day he filed his plea of intervention. On September 25, 1900, the garnishee filed its amended answer in this suit; admitting, among other things. that Med-

die Schwulst, wife of the said Frank Schwulst, bankrupt, had deposited in its bank, on the day of the service of the said writ upon it, the sum of $245; that said bankrupt was indebted to the said bank, by two promissory notes, one for the sum of $300, dated July 30, 1900, and due ninety days after date, the other for the sum of $125, dated August 15, 1900, and due September 1, 1900; that both notes were secured by personal security; the first note for $300 being signed by the bankrupt, his wife, Meddie Schwulst, and A. A. Fielder, and the second note, for the sum of $125, being signed by the bankrupt, his wife, Meddie Schwulst, and Frank Hamblin. That on the 10th day of August, 1900, Meddie Schwulst had drawn a check in favor of L. Eppstein & Son, of Denison, for the sum of $113.36. That because of the indebtedness of the said bankrupt to it, in the sum of $425, and on account of the check which had been drawn upon it and presented to it after the writ of garnishment had been served upon it, it had the legal right to retain all the money deposited with it in the name of Meddie Schwulst, and apply, first, to the payment of the said check, and then the balance to its own debt pro tanto. Upon these issues this case went to trial and was submitted to the court without the intervention of a jury, and resulted in judgment for the defendant garnishee, and that the garnishee recover cost, including an attorney's fee for $20. The trustee, Tuck, and plaintiff have appealed.

The court filed conclusions of fact as follows: "At the time of the service of the writ of garnishment herein there stood on the books of the Grayson County National Bank of Sherman, garnishee herein, a credit in the name of Meddie Schwulst in the sum of $245, which represented a deposit of money made on that day, the same being an ordinary deposit, and not a special one. On August 10, 1900, which was prior to the service of said writ, said Meddie Schwulst, in payment of a debt of said Frank Schwulst, drew her check in favor of said L. Eppstein & Son, on said fund in said bank, for $113.36, and delivered the same to said L. Eppstein & Son, which said check was, on August 15, 1900 (which was after the service of said writ), presented to said bank, paid by it, and charged to said account of said Meddie Schwulst against the credit aforesaid. At the time of the service of said writ, Frankk Schwulst, the defendant, who was and is the husband of said Meddie Schwulst, was indebted to the Grayson County National Bank, garnishee herein, in the amount of two promissory notes, one for $300, dated July 9, 1900, and due ninety days after date, and one for $125, dated August 1, 1900, and due August 15, 1900, both bearing interest after maturity at the rate of 10 per cent per annum. The first note was also signed by Meddie Schwulst and A. A. Fielder, and the second by said Meddie Schwulst and Frank Hamblin. Both were joint and several in form, but said Fielder and Hamblen were sureties. Said Frank Schulst is insolvent and has been since prior to the time said writ was served; and on the 25th day of August, 1900, filed his petition in bankruptcy, and was, on the 27th day of August, 1900, duly adjudged and is now a bankrupt,

and the intervener, H. N. Tuck, was duly appointed trustee of his estate, and qualified as required by law, and is now acting as such trustee, and is authorized to intervene herein.   Shortly after the service of said writ, said bank, with the consent of said Frank Schwulst and Meddie Schwulst, applied the amount which is held to the credit of said Meddie Schwulst on the notes hereinbefore mentioned, and the money so applied was the money of said Frank Schwulst, althought it had been deposited in the name of his wife.   A reasonable fee for preparing and filing the garnishee's answer herein and for representing it on the trial is $20."

1.   Appellant contends that the trial court erred in finding (1) that the money on deposit in the bank belonged to Frank Schwulst; (2) that Frank Schwulst was insolvent prior to the time the writ of garnishment was served, and (3) that the bank, with the consent of Frank and Meddie Schwulst, applied the amount which it held to the credit of Meddie Schwulst on the notes of Frank Schwulst.

The evidence is amply sufficient to show that the money deposited in the name of Meddie Schwulst in the garnishee bank was the community property of Frank and Meddie Schwulst.   We think the evidence also fairly supports the court's findings that Frank Schwulst was insolvent prior to the service of the writ of garnishment, and continued so thereafter.   There is evidence from which the court was authorized to find that, Frank and Meddie Schwulst consented to the application of the money on deposit to the payment of the note.   The court's findings of fact will not be disturbed by this court if there be evidence fairly tending to support the same.   We conclude that the court's findings are supported by the evidence, and they are adopted by this court.

2.   The first question of law arising upon this appeal is, did the check drawn in favor of L. Eppstein & Son prior to the service of the garnishment operate as an equitable assignment of the fund on deposit to the amount of the check?   An order drawn by a debtor on a specific fund and delivered to the creditor is an equitable assignment of the fund to the amount of such order, although the party upon whom the order is drawn has no notice thereof.   Notice of the assignment to the party upon whom the order is drawn only becomes material in order to prevent payment of the fund to the assignor, or to a subsequent purchaser from the assignor without notice of the prior assignment.   Harris County v. Campbell, 68 Texas, 22; Smith v. Railway, 39 S. W. Rep., 969; Scheuber v. Simmons, 2 Texas Civ. App., 672; Bank v. Convery, 8 Texas Civ. App., 181; Bank v. Beilharz, 62 S. W. Rep., 743.

In this case the check was drawn by Meddie Schwulst upon a specific fund to pay a debt owing by her husband to L. Eppstein & Son, and was delivered to the creditor before the service of the writ of garnishment. This operated as an equitable assignment of the fund to the amount of such check, and authorized the bank to make payment thereof out of such special fund.   The fact that after the date and delivery of said check the writ of garnishment was served upon the bank would not de-

feat the right of Eppstein & Son to have the amount of the check paid to them. The writ of garnishment only seized such credits and effects as the bank had belonging to the defendant in garnishment. After the assignment to L. Eppstein & Son, Schwulst had no interest in the money so assigned subject to garnishment. The bank had ceased to be a debtor of Schwulst by such assignment and became a debtor of Eppstein & Son.

3. The next question presented is, did the bank have the equitable right to apply the money on deposit to the payment of Schwulst's notes, he being insolvent, although said notes had not matured and were secured by personal indorsement? The general rule is that only mutual debts which have matured can be set off against each other. Allbright v. Aldrich, 2 Texas, 166. An exception to this rule, however, is allowed where the party against whom the setoff is plead is insolvent. In such a case it is held inequitable to permit the party who sues to recover, leaving the defendant, who holds a' just demand for which plaintiff is liable, without any security to enforce its payment. Castro v. Gentiley, 11 Texas, 28; Henderson v. Gilliam, 12 Texas, 71; Hamilton v. Van Hook, 26 Texas, 302.

We think it clear that, under these authorities, when Schwulst became insolvent, the bank had the equitable right to set off his notes held by it against the deposit. Was this right defeated by reason of the notes being unmatured and secured? So far as we are aware this question has not been passed upon by the court of last resort of this State. It was held by the Supreme Court of Tennessee, in the case of Nashville Trust Company v. Fourth National Bank, reported in 15 Lawyer's Reports, Annotated, 710, that a bank had the right to set off against a deposit unmatured paper of an insolvent depositor. To the same effect is the case of Fidelity Trust Company v. Bank, decided by the Supreme Court of Kentucky, 9 Law. Rep. Ann., 108; Armstrong v. Warren (Ohio), 17 Law. Rep. Ann., 466, and Hodgin v. Bank (N. C.), 32 S. E. Rep., 887.

The Supreme Court of Iowa held in the case of Thomas v. Bank, reported in 35 Lawyer's Reports, Annotated, 379, that a bank had the right to set off an unmatured note of an insolvent depositor against his deposit, and that this right was superior to those of the holder and drawee of a check drawn on the deposit, but of which check the bank had no notice until after the depositor's insolvency. In the case of Scammon v. Kimball, 92 United States, 362, it was held that a bank having insurance in a company which was rendered insolvent by the Chicago fire of 1871 had a right to set off the amount of his insurance on property consumed against money of the company in his hands on deposit, although the insurance was not a debt due at the time of the insolvency.

In the case of Carr v. Hamilton, 129 United States, 252, it was held that when a life insurance company becomes insolvent and goes into liquidation, the amount due on an endowment policy payable at a fixed

time may, in settling the company's affairs, be set off against the amount due on the mortgage deed from the holder of the policy to the company by way of compensation. The case of Schuler v. Israel, 120 United States, 506, was a suit brought by Schuler against Israel to recover a debt in which Schuler caused a writ of garnishment to issue and to be served upon the Laclede Bank. The garnishee bank answered, admitting that it had funds on deposit belonging to Israel, but set up that Israel was indebted to the bank in certain sums of money, some of which had matured and some had not matured at the time of the service of garnishment. The bank claimed the right, as Israel was insolvent, to set off the deposit in payment of his obligations held by the bank, whether due or not. It was held that the bank was entitled to the set-off. The court, in discussing the rights of the garnishee in that case, say: "As we understand the law concerning the condition of a garnishee in attachment, he has the same rights in defending himself against that process at the time of its service upon him that he would have had against the debtor in the suit for whose property he is called upon to account. And while it may be true that in a suit brought by Israel against the bank it could in an ordinary action at law only make plea of set-off of so much of Israel's debt to the bank as was then due, it could, by filing a bill in chancery in such case, alleging Israel's insolvency, and that, if it was compelled to pay its own debt to Israel, the debt which Israel owned it, but which was not due, would be lost, be relieved by a proper decree in equity; and, as a garnishee is only compelled to be responsible for that which, both in law and equity, ought to have gone to pay the principal defendant in the main suit, he can set up all the defenses in this proceeding which he would have either in a court of law or a court of equity."

We think the language of the court in the case above cited is applicable to this case. Schwulst was insolvent prior to the service of the garnishment. The right of the bank to set off the deposit in payment of the notes accrued to the bank prior to the service of the writ of garnishment. It then could have instituted proceedings and compelled the set-off. The fact that the notes were secured by personal indorsement did not affect the bank's right to compel the set-off. It has been held that a surety in a proceeding properly brought could compel a set-off in such a case. Armstrong v. Warren, supra.

We conclude that there is no error in the judgment, and the same must be affirmed.

*Affirmed.*