## First National Bank of Jackson v. Hargis Commercial Bank & Trust Company.

(Decided June 9, 1916.)

### Appeal from Breathitt Circuit Court.

1. Banks and Banking—Liability of Drawee to Holder.—Under section 3720b, subsection 189, Kentucky Statutes, a bank is not liable to the holder of a check unless and until it accepts or certifies the check, therefore the holder cannot, by an action against the bank, recover of it the amount of such check unless so accepted or certified.

2. Banks and Banking—Liability of Drawee to Holder.—Under the statute, supra, in the absence of acceptance or certification of the check by the bank, it does not operate as an assignment to the holder of so much of the fund upon which the check is drawn as will satisfy it.

3. Banks and Banking—Refusal of Drawee to Pay Check—Not Liable to Holder in Damages—Remedy.—Since an action will not lie in favor of the holder of a check against the drawee for its failure to pay it, unless accepted or certified by it, it is not liable in damages to the holder for such failure to pay it. In such case the holder's remedy is an action against the drawer, who may in turn recover against the drawee, if the latter's failure to pay the check constituted a violation of a contract between them.

McGUIRE & McGUIRE and ADAMS & HOLLIDAY for appellant.

BYRD and HURST for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant, First National Bank of Jackson, and appellee, Hargis Commercial Bank & Trust Company, are banking corporations located in the city of Jackson, this state. On October 4, 1913, one, Stephen Little, delivered to appellant in payment of a note he was owing it,

his check for $750.00, of that date, drawn on the appellee, Hargis Commercial Bank & Trust Company. This check, appellant, on the following day, presented to appellee for payment, which the latter refused. Thereupon appellant brought this action against appellee in the Breathitt circuit court to compel it to pay the check. Appellee filed a general demurrer to the petition, which the circuit court sustained. Appellant filed an amended petition, following which appellee insisted upon its demurrer to the petition as amended and it was again sustained. Appellant refusing to plead further, the action was dismissed at its cost, and from the judgment manifesting these rulings it has appealed.

By the original petition a recovery was sought upon the ground that Little, the drawer of the check, had, as alleged, money on deposit in the appellee bank sufficient in amount to pay it; that the giving of the check to appellant operated as an assignment of the amount Little had on deposit in the appellee bank for its payment, and, the refusal of the latter to pay the check upon its presentment, made it liable to appellant as the holder of the check for the amount thereof. By the amended petition it was, in substance, alleged that the deposit in the appellee bank to Little's credit of an amount sufficient to pay the check was shown by a pass book furnished by it to him, which pass book was exhibited to appellant by Little when he paid it the check of $750.00; that the making and delivery to it of the check by Little constituted an appropriation of such part of the latter's money on deposit in the appellee bank as was necessary to pay it; and that the refusal of appellee to pay the check amounted to a wrongful conversion by it of so much of the money on deposit with it to Little's credit as would pay the check and made it liable to appellant in damages for such conversion, at least to the amount of the check.

The demurrer confesses the facts properly alleged in the petition, as amended. For the purposes of the demurrer it must, therefore, be taken as true that at the time the check given appellant by Little was presented by the former to appellee for payment, Little had on deposit with the latter money sufficient to pay the check and that its refusal to pay the check was an arbitrary act. But do these facts, if true, entitle appellant to recover of appellee in this action, the amount of the

check? It was formerly a recognized doctrine in this jurisdiction that a check drawn by one having money on deposit in a bank and delivered to the payee, operated as an assignment to the latter of so much of the fund to the credit of the drawer with the bank as would equal the amount of the check, but in most other jurisdictions the weight of authority has all along opposed this doctrine; and even in this jurisdiction it had been subjected to some modification prior to the enactment by the legislature of this state of what is known as the "Negotiable Instruments Act," section 3720b, subsection 189 of which entirely abrogates the doctrine in question, by expressly declaring that, "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, *and the bank is not liable to the holder, unless and until it accepts or certifies the check,*" which admittedly was not done in the instant case. ] As the negotiable instruments law has been adopted by thirty-eight of the states constituting the American union the rule declared by the section, *supra,* has been given a practically uniform application everywhere in this country. Section 3720b, subsection 132, of the same act, defines an acceptance or certification of a check and the manner in which it shall be made, as follows:

"The acceptance of a bill (or check) is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

In Ewing v. Citizens Nat'l Bank, 162 Ky. 551, we held that a check of itself does not operate as an assignment of any part of the fund to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check; and that where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance, but that until such certification or acceptance is given in writing, the bank cannot be made liable to any holder of the check. It is patent, therefore, that the holder of a check cannot, by an action against the bank upon which it is drawn, recover of it the amount of such check, unless and until the check has, in writing, been accepted or certified by it. Such acceptance or certification

creates a new and binding obligation on the part of the bank which makes it directly liable to the holder for the amount of the check. In the absence of such acceptance or certification there is no assignment to the holder of the fund upon which the check is drawn, nor privity of contract between the bank and the holder, and the holder's remedy is against the drawer alone, and to the drawer only is the bank liable, for its refusal to pay the check, if such refusal was a breach of its contract with the drawer. The bank is bound by its contract with its customer to honor the latter's check when he has sufficient assets in its hands. But if it does not do so, such failure makes it liable to an action by the drawer, but not to the holder of the check. Ogden on Negotiable Instruments, section 207.

Counsel for appellant concedes that the statute, *supra,* destroys the rule that the giving of a check operates as an assignment, for its payment of the fund upon which it is drawn, and forbids any recovery against appellee upon that ground, which is relied on in the original petition; but insists that upon the claim for damages made in the amended petition against appellee for failing to pay the check, appellant is entitled to recover. This contention is illogical and without authority of law. Manifestly, if an action would not lie against appellee for its failure to pay the check, it would not be liable in damages for such failure. The amended petition neither broadens the scope of the original petition nor states a new cause of action. It, therefore, follows that appellee's demurrer to the petition as amended was properly sustained.

Wherefore, the judgment is affirmed.