**BEATTY–FOLSOM CO. et al. v. EDWARDS.
(No. 6685.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 15, 1922. Rehearing Denied March 15, 1922.)

1. **Sequestration ⬦⟺21—Evidence held to require finding of sufficient foundation for issue of writ.**

Where the seller of an automobile sued to foreclose the contract and to sequester·the car, in a cross-action for wrongfully suing out the writ, evidence *held* to require a finding that the writ of sequestration was justly ·sued out.

2. **Assignments ⬦⟺113 — Of suit by plaintiff held not to subject it to· damages thereafter arising.**

Where the seller of an automobile .sued to foreclose the purchase-money contract ·and sequestered the car, and the purchaser who was then in jail gave a power of attorney to an agent to settle the suit, and the agent in excess of his authority procured a conveyance of the claim and suit to a bank after settling it, the seller of the automobile ·was not thereby rendered liable for any damages arising there-- from or thereafter. .

3. **Sequestration ⬦⟺21—No liability for suing out writ under.terms of contract.**

Where 'the seller of an automobile under a contract empowering him to retake possession for failure to pay the purchase price exercised such 'power by suing out a writ of sequestration, he was not liable in damages for so doing.    .

4. **Dismissal and nonsuit ⬦⟺53(1) — Assignment of suit by agent held no bar to dismissal by principal.**

Where a defendant in a sequestration suit authorized his agent to settle the suit, and the agent 'settling with plaintiff in sequestration procured an assignment of the suit to a third person, the original defendant was entitled to appear in court and dismiss the suit, notwithstanding the assignment made by his agent.

5. **Banks and banking ⬦⟺134(1)—Bank held entitled to apply funds of debtor in its possession to debt.**

A bank to which a person is indebted has a right to apply any fund belonging to the debtor in its possession to its debt.

Appeal from District Court, Bee County; M. A. Childress, Judge.

Action by the Beatty-Folsom Company against Enoch Edwards, with cross-action by defendant against plaintiff and the Beeville Bank & Trust Company. Judgment for the bank against defendant and his sureties, and for defendant on his cross-action against the Beatty-Folsom Company, and the Beatty- ·Folsom Company and defendant appeal. Reversed on both appeals, and remanded as between defendant and the Beeville Bank & Trust Company, and rendered as between the Beatty-Folsom Company and Enoch Edwards.

J. ·E. Leslie, of McAllen, and Beasley & Beasley, of Beeville, for appellants.

L. D'. Stroud, W. G. Gayle, H. S. Bonham, and H. Snodgrass, all of Beeville, for appellee.

COBBS, J.    Beatty-Folsom Company brought suit in the district court of Hidalgo county against Enoch Edwards, to recover on a note secured by a mortgage for $1,400.00, payable in monthly installments of $700, representing the purchase price of a Chandler automobile, secured by a contract lien thereon. Payments had been made on the note.

The petition prayed for judgment' and the foreclosure of the lien. It also prayed, in pursuance of an affidavit made by ,Perry J. Folsom, for a writ of sequestration to issue to seize said property, which writ was issued and directed to the sheriff of Jim Hogg county, who seized the car in the town of. Hebbronville, where Edwards ,was then confined in jail on a federal charge, and took possession thereof.

While still in jail, Edwards called C. E. Williamson, residing in Bee county, to come to him in Hebbronville, and, after a conference, made, executed, and delivered to him his power of attorney, giving to Williamson power and authority to take charge of all his property described therein, including the seized automobile. He gave directions to Williamson to settle the suit of Beatty-Folsom Company. By virtue of the power of attorney, Williamson was given charge of all his said property, and he thereunder paid off Beatty-Folsom Company's claim. When the Beatty-Folsom Company made the settlement and received payment, Williamson, for Edwards, required Beatty-Folsom Company to transfer to the bank its suit, note, and mortgage securing the note, but it was understood that that company was fully satisfied and paid off, and the transfer was made without recourse from all subsequent proceedings. But if there were to be any, then they were to be carried on at the cost and expense of the bank.

When Enoch Edwards constituted Williamson his agent to make this settlement, and called him from his home in Bee county to Hebbronville, he there executed, while in jail, his power and authority to Williamson to act for him, and especially to take charge of and save his equity of $1,525 in the Chandler car, and settle that certain suit pending in the district court of Hidalgo county, styled Beatty-Folsom Company v. Enoch Edwards, wherein the car had been sequestered, and to pay the amount of the principal, interest, and accrued costs, and, further, to pay any and all debts due or to become due the Beeville Bank & Trust company. Edwards claimed at the time of the execution and delivery of his said power

⬦⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of attorney he instructed Williamson to sell seven mules, then in Bee county, of the value of $1,000, pay off Beatty-Folsom Company, and turn the balance over to his wife, who was then in Beeville. The proceeds of the mules, of $1,000, were placed to Edwards' credit in the Beeville Bank & Trust Company, and no part thereof, as instructed, was paid to his wife.

Prior to the return of Edwards on November 19, 1918, Beatty-Folsom Company, in consideration of $836.88, being the full amount due and claimed, assigned, under the direction of Williamson, its claim against Enoch Edwards, being the one named then in suit, which assignment was intended to give Beeville Bank & Trust Company the right to further prosecute the suit against Enoch Edwards, his principal, at the bank's request and its cost, but provided it should have no recourse against Beatty-Folsom Company for the payment of said note or ·any part thereof. All securities of Beatty-Folsom Company securing the note were taken by Williamson, or he had the right to take them. It was required in the assignment that all costs for keeping the car caused by the writ of sequestration were to be paid by the bank, a copy of which contract was required to be used by the sheriff as a part of his return. The contract was signed in triplicate by Beatty-Folsom Company through its attorney, and Enoch Edwards by C. E. Williamson, his attorney, upon which agreement the car was turned over to C. E. Williamson, who placed it in a garage in Beeville, where it remained until replevied by Enoch Edwards.

The cause was transferred to Bee county on the plea of Enoch Edwards, on March 13, 1919. Whereupon, on April 1, 1919, Enoch Edwards, the defendant therein, filed a cross-action against Beatty-Folsom Company and Beeville Bank & Trust Company for the alleged unlawful and malicious suing out of the writ of sequestration, and alleged wrongful detention from him of the car until replevied. The cross-action of Enoch Edwards was based upon the allegation that the suit was filed and writ issued before the debt was due, and the affidavit on which the writ of sequestration was issued was false and made with malice and without probable cause, for the purpose of injuring and harassing him; that the Beeville Bank & Trust Company and its agent, Williamson, and Beatty-Folsom Company acted in collusion for the purpose of ·having the bank get the car and in depriving him of its use; that he was a broom corn dealer, buying and selling broom corn individually and on commission, which was a good business, and that he was occasioned great losses in being deprived of the use of the car, the reasonable value of which was $15 per day; that the suit injured his good name and credit, and caused large attorney's fees, and had him put to great expense in defending the suit, and he prayed for $5,350 actual and $5,000 punitory damages against Beatty-Folsom Company and the sureties on the sequestration bond; for a joint and several judgment against the bank and Beatty-Folsom Company for $2,400 actual and $2,500 punitory damages for the time the bank had the car, or, alternately, for such recovery against the bank.

The Beeville Bank & Trust Company in its pleading assumed the attitude of having Beatty-Folsom Company prosecute the suit for its benefit, and set out the sales contract or mortgage, and sought recovery of the balance due on the note, interest, and attorney's fees, and foreclosure of lien on the car. And, then, in reply to the cross-action, denied that the facts alleged by Enoch Edwards constituted a payment of the note, denied that Williamson was acting for the bank, but that at all times he was in good faith acting for Edwards, and denied any collusion with Beatty-Folsom Company or any fraud perpetrated upon Edwards.

·Beatty-Folsom Company pleaded a . misjoinder of parties and causes of action, denying that the sequestration affidavit was false, or that the writ was maliciously sued out, and that they acted entirely in good faith for the sole purpose of protecting their debt. They also disclaimed any interest in the note and mortgage sued on by the bank. Also by reason of the assignment of the note and cause of action to the bank by Edwards, through his agent, all matters of difference between them had been settled, and· Enoch Edwards was thereby estopped from contending otherwise.

At the commencement of the trial Enoch Edwards filed the statutory admission that the Beeville Bank & Trust Company had a good cause of action, otherwise than might be defeated by the facts set forth in "defendant's answers filed herein which may be established on trial."

The trial was with a jury, upon special issues. The court instructed a verdict for the Beeville Bank & Trust Company, upon its motion, for $1,233.53; and the case proceeded to trial between Enoch Edwards and Beatty-Folsom Company on the cross-action. Upon the findings of the jury judgment was rendered in favor of the bank for $1,233.53 against Edwards and the sureties on his replevy bond, and for foreclosure of the lien on the car which the jury valued at $2,000 at the date on which it was replevied; and judgment was also rendered in favor of Enoch Edwards on his cross-action against Beatty-Folsom Company, P. J. Folsom, George W. Folsom, and W. D. Beatty, jointly and severally, for $2,785, with interest at 6 per cent. from the date of judgment and all costs accruing on the cross-action.

From this judgment Beatty-Folsom Com-

pany, P. J. Folsom, George W. Folsom, and W. D. Beatty have appealed to this court; and the defendant, Enoch Edwards, has also perfected his appeal from the judgment rendered against him and in favor of the Beeville Bank & Trust Company.

In the first assignment and propositions of Beatty-Folsom Company it is contended that neither the pleadings nor the evidence justify a judgment for actual damages on the cross-action of Enoch Edwards. This assignment presents, first, the question as to whether the evidence justified the recovery of $285 of actual damages by reason of suing out and levying the writ of sequestration, from the date the car was seized by levy, on the 18th day of October, 1918, to November 7, 1918, causing the loss of use of the car. From the date when the car was levied upon to said last-named date Enoch Edwards was either confined in jail or in the custody of federal officers during the entire period, and it is contended he could not himself have used the car in any business for any part of that period of time. There is nothing to show that the use of it under his direction by any one would have resulted in any substantial benefit or profit to Edwards by its use during such time, or that he could have rented it out to any one for any purpose that would pay him $15 per day, or could have been so used by his wife. He was a broom corn dealer, and had used the car 30 or 35 days in that business, traveling over the country buying broom corn, on a commission business mostly, but sometimes bought and stored it for sale. It was shown by Edwards himself that during that time he was confined in jail in Hebbronville, Corpus Christi, or engaged in a trip to Oklahoma City, where he gave bond to stand trial on the criminal charges against him, he would not have used the car during the whole of said period in his broom corn business, and was at no actual expenses whatever for hiring or renting other cars in his broom corn business. He claimed that if he had had possession of the car, his wife, residing in Bee county, their home county, could have used it in attending to his business, which he stated requires traveling over the country in buying and selling broom corn while he was in jail. During this time Enoch Edwards had a Ford car in the valley, where his business was, which car his agent, C. E. Williamson, drove from the valley, through Corpus Christi, to Beeville, where the proof showed the wife of Edwards was all the time.

On the 21st day of October, 1918, Edwards executed his power of attorney to C. E. Williamson, and there is testimony to the effect that it was his intention to have him (Williamson) attend to all his business, and to provide for his wife, who was in Beeville, while Williamson was handling it. In corroboration of his attorney's powers, most full and complete, he directed him to, among other things, take charge of his property, including the automobile, sell seven mules, and pay off Beatty-Folsom Company and the Beeville Bank & Trust Company.

The writ of sequestration was issued and levied upon the Chandler automobile in the town of Hebbronville on the 19th day of October, 1918, which was only two days before the execution of the power of attorney directing Williamson, his agent, to take possession thereof, as well as of other personal property, and authorizing him to settle the suit of Beatty-Folsom Company v. Enoch Edwards, and authorizing him to pay the amount of principal, interest, and accrued costs in said suit.

[1] We do not think a case is shown as a basis for the recovery of any actual damages. The evidence was sufficient to justify the issuance of the writ of sequestration, for after active inquiry and investigation it was learned that federal or other officers were in pursuit of Enoch Edwards, who was using the car, perhaps rather actively, in traveling about and over the country at that time. And when the car was actually seized he had been lodged in jail, and the car stored in a garage at Hebbronville. Edwards, fearing, perhaps unnecessarily, as it was afterwards shown by the result of the charges against him, which required his personal appearance in Oklahoma, that he would be moved promptly from this state, was thus preparing for any emergency. So he called C. E. Williamson to his assistance from Bee county to the town of Hebbronville, and there conferred with him, in jail in Hebbronville. He knew of the suit, because he recited it in the power of attorney, and knew that the property had been sequestered. He was anxious to settle the claim, so as to secure possession of his automobile. By his power of attorney and by his instructions a full settlement was undoubtedly intended and in fact made.

[2] Williamson, the agent, no doubt exceeded his authority in requiring Beatty-Folsom Company, at the bank's request, to convey their claim and suit, for the purposes of the bank. However, that act could not subject Beatty-Folsom Company to any damages arising therefrom or thereafter.

The writ of sequestration was served on the 19th day of October, 1918. The power of attorney to C. E. Williamson by Enoch Edwards was dated the 21st day of October, 1918, and the transfer of the suit to the bank, which showed full settlement and payment of the claim and suit of Beatty-Folsom Company bears date of November 19, 1918. This debt was secured by a contract lien on the property, which fell due on the 7th day of November, 1919, within a few weeks after the institution of the suit, which by its very terms authorized the mortgagee to take pos-

session in default of the payment of the debt. But the debt was paid within three days after the levy, and Enoch Edwards, as between Beatty-Folsom Company, under the facts in this case, cannot require that company to respond in any damages resultant from the acts of C. E. Williamson, the agent selected by Enoch Edwards himself to attend to his affairs, and by him directed to pay the Beeville Bank & Trust Company their debts. There is not sufficient evidence, however, to justify the finding of the jury that the writ was issued without probable cause, willfully, and with malice. The legal evidence is to the contrary.

While it is true when the suit was instituted on the debt secured by the chattel mortgage, that defect was waived. Enoch Edwards directed his agent to settle the claim orally. Besides, the contract of sale provided that the title to the automobile should remain in Beatty-Folsom Company "until the entire purchase price and interest is fully paid in cash." It provided various covenants to be performed in respect to its use and care, and the "failure to do so on the part of himself, his servant or employee, may at the election of the seller constitute sufficient cause for the repossession of said automobile," and "said seller may take immediate possession of said automobile * * * and all rights of the purchaser hereunder and in said automobile * * * shall cease and terminate thereupon absolutely and said purchaser does hereby expressly waive any action or right of action of any kind whatsoever against the seller growing out of the removal, repossession or retention of said automobile or otherwise, hereby consents that thereupon all unpaid balance of said purchase price and the note representing the same shall forthwith become due and payable."

[3] Both on the alleged grounds, invoking a statutory one for a writ of sequestration to issue, and by the very terms of the contract itself, Beatty-Folsom Company were authorized to seize and take possession of the property, and for so doing could not be held liable for any damages under the facts in this case. In seizing the property they were doing no more than they had the right to do. Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 443; Hamlett v. Coates (Tex. Civ. App.) 182 S. W. p. 1146; Taylor Bros. Jewelry Co. v. Kelley (Tex. Civ. App.) 189 S. W. 342.

The testimony, as a matter of law, fails to show any cause of action against Beatty-Folsom Company, after it was paid by Edwards, through his lawful attorney in fact; it being in full settlement of the claims of that company. After that, so far as Beatty-Folsom Company are concerned, the possession of the automobile was constructively in Edwards, through C. E. Williamson, his agent. We not only think the undisputed facts disclose that a probable cause existed for the suing out of the writ, but shows honesty of purpose, and no intention on the part of the person suing out the writ to injure or to recklessly disregard the rights of Enoch Edwards unwarrantedly and maliciously. Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1148–1149.

[4] In respect to the controversy between Edwards and the bank, in about nine days after the power of attorney was executed, Edwards, through his agent, Williamson, sold the seven mules for about $1,000 and deposited the proceeds to Edwards' credit in the Beeville Bank, and on the 19th day of November, 1918, thereafter, Beatty-Folsom Company were paid their claim by Edwards, through his agent, who secured from Beatty-Folsom Company an assignment, thereof, without recourse to the Beeville Bank & Trust Company, which thereby eliminated Beatty-Folsom Company from the suit entirely, and in respect to the future disposition of the matters they were between Enoch Edwards, his agent, Williamson, and the bank. Thereafter, in January, 1919, Edwards appeared in person in the district court of Hidalgo county where the suit was still pending, never having been dismissed by him, which he had the undoubted right to do; notwithstanding the existence of the assignment made by his agent, which we think was unauthorized by the facts, he nevertheless caused it to be transferred to Bee county. When the case was reached for trial in Bee county, the Beeville Bank & Trust Company took control of the suit, suing for its use and benefit, upon its own claim as well as upon the alleged assigned cause of action, claiming the ownership of the note, lien, attorney's fees, rights, remedies; and equities of the nominal plaintiffs, Beatty-Folsom Company. Edwards reconvened against Beatty-Folsom Company and the appellee bank, jointly and severally, for damages actual and exemplary, for wrongfully suing out the writ of sequestration and levying same upon the automobile, alleging collusion between the defendants, and payment of the debt before the transfer. The bank severed from its co-defendant in the reconvention plea and filed a separate answer. The bank set up its ownership of the note and security by its said purchase, and after the maturity of the note became entitled to the possession of the mortgaged property. The bank claimed $350 as attorney's fees for prosecuting the suit.

Some question having arisen as to the possession of the automobile, Edwards, on the 3d of May, 1919, filed a motion to compel the sheriff to deliver the same to Edwards upon the replevy bond tendered, which was done under the order of the court. When the case was called, Edwards filed a written

admission of the cause of action, except it be defeated in whole or in part by facts pleaded in the answer, in order to get the opening and close in the argument. A note of the same was entered by the court, and the request was granted.

Edwards himself testified he was largely indebted to the bank when the assignment was made, but had instructed Williamson, his agent, to sell the mules and apply the proceeds to the Beatty-Folsom claim, as no funds were provided for him to pay it, and the excess was to be paid his wife. Edwards by his admission admitted, of course, the cause of action upon which the bank's suit was predicated. Its effect here was that he necessarily admitted the debt due the bank, admitted the amount due on the cause of action of Beatty-Folsom Company, upon which the suit was instituted, although paid later, when assigned to the bank was past due. It admitted the claim for $350, reasonable attorney's fees, sued for. Edwards did not plead his cause of action against Beatty-Folsom Company as a counterclaim against the demands of plaintiff.

The bank became the alleged owner of the Beatty-Folsom Company claim before Edwards asserted any claim in reconvention, of which Edwards had knowledge long before this plea was filed in reconvention. The claim of Edwards against the bank did not grow out of the contract upon which the suit was instituted, but the claim for damages, by reason of the alleged tort, if any was committed prior to the bank's purchase of the claim in which the bank did not participate, and in which there was no mutuality between the claims of the parties.

The admission made by Edwards to get the opening and closing of the case has been "construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover." Smith v. Traders' National Bank, 74 Tex. 545, 12 S. W. 222.

It is not necessary here to consider whether there was any evidence of fraud or collusion between the agent, Williamson, and the bank, or any evidence that Williamson was acting at the time of the assignment as the bank's agent. There is no doubt that he was the agent of Edwards, who so stated orally, and in writing, according to appellant's own statement and written motion filed in the court, a part of this record. Notwithstanding the claim had been settled, and he was authorized to take the automobile, it was permitted by him to remain in the sheriff's possession until he replevied it on May 3, 1919, and there is no evidence nor any claim that the car was not in the same good condition it was when seized. And there is no reason shown why Edwards did not sooner replevy the car, if that had been necessary after he paid Beatty-Folsom Company.

[5] The bank pleaded that Edwards was largely indebted to the bank in more than the amount of the deposit, and Edwards admitted such fact. The money deposited was applied to his debt, or overdraft, which the bank had a right to apply from any fund of Edwards in the possession of the bank. Neely v. Grayson County Bank, 25 Tex. Civ. App. 513, 61 S. W. 560. The sale of the mules and deposit of proceeds in the bank was an act done directly under Edwards' instructions to his agent, except as to what was to be paid to his wife, and wholly within the scope of his authority. Edwards knew of the connection, or former connection, of Williamson with the bank, and perhaps selected him with the view of his position with the bank, as he knew, if he was to save his automobile and get further extensions and accommodations, Williamson would be useful for that purpose.

It is not contended by Edwards that any cause of action was shown against the bank for wrongfully suing out the writ of sequestration, or that the bank was in any way responsible for any damages consequent from the levy of the writ, still, as the court instructed a verdict in favor of the bank, and that being assigned as error, and if error at all, is fundamental, and for that reason we have examined the record for errors whether assigned or not.

In this power of attorney Edwards directed his agent, Williamson, "to settle and pay any and all debts due or to become due the Beeville Bank & Trust Company," and Williamson deposited the sum of $1,000 proceeds from sale of mules in the bank. Now, Edwards, in the power of attorney, gave no authority to assign the claim to the bank. His authority was to sell the mules and pay these debts. Therefore, when Beatty-Folsom Company were paid, together with attorney's fees to J. E. Leslie, their attorney, together with all costs, as Mr. Leslie was the attorney representing the Beatty-Folsom Company, it operated as a full settlement of that claim and case, and disposed of it entirely as between Edwards and Beatty-Folsom Company. But it was not in fact dismissed, and Edwards himself thereafter, for his own uses and purposes, transferred it to Bee county, and it is now used as a basis for this proceeding. The bank could claim no rights under it, for its money did not pay for it; it was paid out of the proceeds of the sale of the mules; it must be, as it was the money of Edwards appropriated for that purpose, in which the bank had no interest. Of course, the bank had the right to apply any money in the bank's possession on deposit for Edwards' account, not otherwise appropriated, to its own debt. Neely v. Grayson County National Bank, 25 Tex. Civ.

App. 513, 61 S. W. 560; S. A. Nat. Bank v. Conn, decided at this term of court, not yet [officially] published (Tex. Civ. App.) 237 S. W. 353.

Beatty-Folsom Company by the payment of its claim was eliminated from this suit, and there was no basis for the cross-action of Edwards against it, and for the same reason the bank did not acquire its securities or the right to prosecute the said cause of action against Enoch Edwards, or to assert or claim any right of action, and whatever right it had in the premises was independent thereof.

The judgment of the trial court is reversed, and the cause remanded to be proceeded with in consonance with the views herein expressed as between appellee and the Beeville State Bank, and as between the Beatty-Folsom Company and appellee judgment is here rendered that appellee take nothing by his suit, and that he pay all costs herein expended.

### On Motion for Rehearing.

The Beeville Bank & Trust Company and Enoch Edwards each filed separate motions for rehearing.

In view of the fact that after the trial court had instructed a verdict the bank participated no further in the trial, it was not our purpose to pass upon any fact or subsequent issue so as to bind the bank herein in any further litigation between it and Enoch Edwards. As between them, all the matters are left open for future disposition.

On the application of Enoch Edwards, in view of the fact that, as between him and the bank, he recovered herein, causing the judgment of the trial court to be reversed and cause remanded for a new trial, our judgment will be corrected so as to adjudge all costs incurred between Enoch Edwards and the bank to be taxed against the Beeville Bank & Trust Company.

Otherwise than herein stated, both motions for rehearing are overruled.